ELVIRA R. STRASSER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Strasser v. Commissioner
Docket No. 3304-79.
United States Tax Court
T.C. Memo 1981-523; 1981 Tax Ct. Memo LEXIS 221; 42 T.C.M. (CCH) 1125; T.C.M. (RIA) 81523; September 21, 1981. Elvira R. Strasser, pro se. Louis R. Mandel and Jody Tancer, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in petitioner's Federal income taxes for the years 1974, 1975, and 1976 in the amounts of $ 8,027.15, $ 6,657.46, and $ 3,989.00, respectively. After concessions the sole issue is whether petitioner is entitled to a deduction under section 280A [1] for home office expenses for the taxable year 1976. *223 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner, Elvira R. Strasser, resided in Stony Brook, N.Y., when she filed her petition in this case. Petitioner is a full professor of mathematics at the State University of New York at Stony Brook (hereinafter Stony Brook). During 1976 petitioner taught courses on the campus of Stony Brook. Outside of classroom teaching, petitioner spent time at the Stony Brook campus for faculty meetings, discussion groups and library use. Stony Brook provided petitioner with a furnished office on its campus which was available to petitioner for her sole and unrestricted use. Petitioner had regular office hours to meet with students. Petitioner spent an average of 20 hours per week on campus. For security reasons, petitioner considered work at Stony Brook during off hours to be unsafe, impelling her to work in the more secure environs of home. In fact, petitioner spent more hours working at home than at the campus office. Petitioner lived alone in a three-bedroom house. For her home office, petitioner used a study room, an adjacent closet, and one bedroom, all of which constituted one-third of *224 the entire house. The home office contained a desk, file cabinets, her own research library, and a special chair for petitioner's bad back. Petitioner used the home office for both her school work and her investment activities. In connection with her school work, petitioner used the home office to do research, prepare class material, grade exams, write, and do related work. Petitioner also used the home office to conduct investment activities in stocks, bonds, commodities, and the money market.Petitioner conducted her own investment activity as well as investments for her daughter, who at the time was living outside the country. However, petitioner received no commissions or remuneration for her services. Petitioner reported $ 685.26 in dividends and interest in 1976 but reported no gain or loss from the sale of securities. Petitioner claimed a $ 2,200 deduction for home office expenses on her 1976 return. In his notice of deficiency, respondent determined those home office expenses are not deductible under section 280A. OPINION The issue presented is whether petitioner is entitled to a deduction under section 280A for expenses attributable to the use of rooms in her *225 residence as an office in connection with both her employment and her investment activities. For the reasons stated below, we conclude petitioner is not entitled to the claimed deductions. Congress enacted section 280A to provide definitive rules which strictly limit deductions for expenses of an office in a home. Prior to the enactment of section 280A, this Court had applied a much more relaxed standard in determining whether home office expenses of an employee were deductible. [2] The tax year involved in this case, 1976, was the first year that new section 280A was in effect. [3]
*226 Generally, section 280A disallows deductions with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence.An exception to this rule, however, is set out in section 280A(c)(1) as follows: (1) Certain business use.--Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis-- (A) as the taxpayer's principal place of business, (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, or (C) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business. In the case of an employee, the preceding sentence shall apply only if the the exclusive use referred to in the preceding sentence is for the convenience of his employer. In order for petitioner to be entitled to the deduction, she must show that her home office was exclusively used on a regular basis for one of the three purposes enumerated in section 280A(c)(1). Since petitioner is an employee, she *227 must also show that the use of the home office was for the covenience of her employer. Petitioner contends that two of the three purposes enumerated in section 280A(c)(1) are satisfied, [4] namely that her home office is exclusively used on a regular basis as her principal place of business or as a place of business which is used by patients, clients, or customers in meeting or dealing with petitioner in the normal course of her trade or business. Respondent has determined that neither of these two purposes has been satisfied. We agree with respondent. In determining a taxpayer's principal place of business within the meaning of section 280A(c)(1)(A), the Court must ascertain the "focal point" of the taxpayer's business activities. (May 4, 1981); . Petitioner was a full professor of mathematics and taught classes at the State University of New York at Stony Brook.She was provided with the exclusive use of a furnished office *228 on campus. Outside of classroom teaching, petitioner, as part of her job, also spent time on campus for faculty meetings, discussion groups, library use, and consultation with students. Moreover, the teaching of classes generated petitioner's income. Even though petitioner spent more time working at home, as compared to working in her campus office, and the home office was helpful to petitioner, it is clear that the focal point of petitioner's business was the school at which she taught, rather than her home office. [5]
Since petitioner has on occasion met with students in her home, she contends that these students are "clients" with which she meets in the normal course of her trade or business. Not only must the students qualify as "clients," but such student meetings with petitioner must be in the normal course of her trade or business as a teacher. Sec. 280A(c)(1)(B). We do not consider the students here to be clients within the meaning of section 280(A)(1)(B). [6] Moreover, the evidence is inadequate concerning the frequency and regularity of those student meetings *229 at the home office for us to determine whether those meetings quality as being in the normal course of petitioner's trade or business. Petitioner also argues that her home office expenses are deductible under section 280A because of the use of the office for her investment activities in stocks, bonds, and commodities. No deduction under section 280A is allowable for use of a home in connection with an activity which is merely for the production of income within the meaning of section 212 but is not a trade or business under section 162. . Petitioner conducted investment activities for herself and her daughter from which she received no commissions. Petitioner reported $ 685.26 in dividends and interest in 1976 and reported no gain or loss from the sale of securities. We have no trouble deciding petitioner was not in the trade or business of making investments, thus no deduction is allowed. See . In summary, petitioner *230 is not entitled to a deduction for home office expenses incurred in 1976. To reflect concessions and the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. If the office was "appropriate and helpful," we allowed the deduction. , revd. , cert. denied . We subsequently overruled Bodzin↩ and applied a somewhat stricter test which balanced the personal and business aspects keeping in mind the precedence which sec. 262 takes over sec. 162. , affd. , cert. denied . 3. Respondent's treatment of petitioner's deductions for home office expenses illustrates the effect of the enactment of sec. 280A. Respondent concedes the allowance of a deduction for a substantial part of these type of expenses for the taxable years 1974 and 1975, but now disallows in their entirety these same type of deductions for 1976, the year sec. 280A took effect.↩
4. Petitioner's home office is clearly not a separate structure which is not attached to the dwelling unit. See sec. 280A(c)(1)(C).↩
5. See , and cases cited therein at n. 10.↩
6. See ; .↩