LEONARD A. MOSKOVIT and HARRIET T. MOSKOVIT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Moskovit v. Commissioner
Docket No. 11524-80.
United States Tax Court
T.C. Memo 1982-472; 1982 Tax Ct. Memo LEXIS 273; 44 T.C.M. (CCH) 859; T.C.M. (RIA) 82472; August 12, 1982. Leonard A. Moskovit and Harriet T. Moskovit, pro se.
Debre P. Katz, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined a $144 deficiency in petitioners' 1977 Federal income tax. The only issue for decision is whether petitioner Leonard A. Moskovit is entitled to a home office deduction under section 280A. [1]
*274 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly.
Leonard A. Moskovit (hereinafter petitioner) and Harriet T. Moskovit, resided in Boulder, Colorado, at the time they filed their petition in this case. Petitioners timely filed their 1977 joint Federal income tax return with the Internal Revenue Service Center, Ogden, Utah. During 1977, petitioner was employed by the University of Colorado (hereinafter sometimes referred to as the University), Boulder, Colorado, as a full professor in the English department. During such year, petitioner was required by the University to teach classes and to maintain a minimum of three office hours per week to assist students. Pursuant to this teaching requirement, petitioner taught two English courses during the spring semester of 1977 and three such courses during the fall semester of that year. Each of the courses which petitioner taught at the University met a total of three hours per week.
During 1977, petitioner was required to attend various University committee meetings, [2] and staff meetings held by the English department. All of these meetings were held at the University. Petitioner's position *275 at the University also required him to prepare and grade exams, develop new curricula, and research and publish scholarly articles. The University provided petitioner with a private office, located on campus, which contained, among other things, at least two desks, chairs, bookshelves, filing cabinets, and a telephone. The size of such office was 9 feet X 14 feet, and petitioner had access to it 24 hours a day, 7 days a week. The telephone which petitioner had in his University office, allowed him to make outgoing calls as well as receive incoming calls. The English department at the University had a secretarial staff which was available to its faculty. The University also provided petitioner with a mailbox at the English department, as well as University stationery which showed the University as his mailing address. As a member of the University's faculty, petitioner had access to the University library, where he could check out books and obtain books from other campuses of the University through interlibrary loan services. Petitioner and his wife lived in *276 two homes during 1977. They occupied one of these homes from January through May of 1977, at which time they moved to another home for the remainder of the year. In both of these homes petitioner maintained an office which he used to do research in Eighteenth Century English Literature, and to prepare lessons for his classes. Petitioner's home office [3] contained a desk, chairs, bookshelves, approximately 2,700 books, and a typewriter. Petitioner did not maintain a separate phone number for work-related matters at either of his residences during 1977. Petitioner did practically all of his scholarly research and course preparations in his *277 home office because his books were there and, as compared to his University office, it was a cooler place to work during the summer months and there were fewer interruptions. During 1977, petitioner spent approximately 40 hours each week in his home office on research and class preparations, and he spent approximately 15 hours each week at the University teaching classes, advising students, and attending meetings. At all relevant times herein, the University did not require the members of its faculty to maintain an office in their respective homes. The salaries paid by the University to the faculty members were not based on whether a professor maintained a home office. During 1977, the official University policy with respect to employment, tenure, promotion recommendations, and salary increases took account of a professor's teaching ability, research work, and community services; for such purposes teaching and research were regarded as equally important and were given more weight than community service. On petitioner's 1977 joint Federal income tax return, he claimed a $429.86 deduction for expenses attributable to his home office. In the notice of deficiency, respondent *278 disallowed this deduction. OPINION We must determine whether section 280A prohibits petitioner from obtaining a home office deduction in 1977. Section 280A(a) sets forth the general rule that no deduction shall be allowed "with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence." An exception to this general rule of nondeductibility is set forth in section 280A(c)(1) which states: (1) Certain business use.--Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis-- (A) as the taxpayer's principal place of business, (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, or (C) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business. In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is for the convenience of his employer. In order for the taxpayer to *279 be entitled to the claimed home office deduction, he must show that his home office was exclusively used on a regular basis for one of the three purposes enumerated in section 280A(c)(1). Moreover, since petitioner is an employee, he also has the additional burden of proving that the use of the home office was for the convenience of his employer, the University. Petitioner argues that he is entitled to the claimed deduction becuse he used his home office exclusively and on a regular basis as his primary place of business, and it was used for the convenience and benefit of his employer. Accordingly to petitioner, the primary job of a university professor is thinking and rethinking. He maintains that such job must be done where the materials are and where he can have privacy. Petitioner contends that since it is only in his home office where those conditions exist, and since his basic thought came from his work at home, his home office constituted his primary place of business. Respondent, on the other hand, maintains that the University was petitioner's principal place of business during 1977, and that in any event petitioner maintained his home office for his own personal *280 convenience and not that of his employer. For the reasons set forth below, we agree with, and hold for, respondent. Petitioner was a full professor at the University during 1977, and he does not claim that he was engaged in any other trade or business during that year. In determining petitioner's principal place of business within the meaning of section 280A(c)(1)(A), we must ascertain the "focal point" of his business activities. ; . [4] Generally, the focal point of a professor's activities is the university where he teaches. While we recognize that petitioner used his home office to prepare classroom lectures and to conduct scholarly research, both of which were essential to his job as a university professor, they do not serve to shift the focal point of his activities from the University to his home office.[5] This is true, notwithstanding the fact that petitioner spent more time each week pursuing his occupation in his home office than he did at the University during 1977. [6] Moreover, petitioner has not established that his use of a home office *281 was for the convenience of his employer. Consequently, we hold that petitioner is not entitled to a deduction for the expenses connected with his home office during 1977. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. During 1977, petitioner served as chairman of the English department's Ph.D. Examination Advisory Committee.↩
3. Through the remainder of our Findings of Fact and Opinion, any reference to petitioner's "home office" is meant to apply to petitioner's offices in both of the homes that he lived in during 1977. We do this purely as a matter of convenience because both parties have done so, and both of petitioner's home offices were essentially similar, except for a difference in size. Petitioner testified that one office was approximately 10 feet by 15 feet and the other home office was somewhat smaller, about the size of "a single-car garage."↩
4. See also . ↩
5. See . ↩
6. See ;↩.