DAVID J. AND ANNE M. WEISSMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Weissman v. Commissioner
Docket No. 8212-79.
United States Tax Court
T.C. Memo 1983-724; 1983 Tax Ct. Memo LEXIS 66; 47 T.C.M. (CCH) 520; T.C.M. (RIA) 83724; December 5, 1983. David J. Weissman, pro se. Gary Kirschenbaum, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Rspondent determined a deficiency in petitioners' Federal income tax of $434 for the year 1976. The only issue for decision is whether petitioner David Weissman is entitled to a home office deduction under section 280A. [1]
FINDINGS *67 OF FACT Some of the facts have been stipulated and are so found, the stipulation of facts and attached exhibits being incorporated herein by reference. Petitioners, David J. and Anne M. Weissman, husband and wife, resided in New York, New York, at the time the petition was filed in this case. They timely filed a joint income tax return for 1976 with the Internal Revenue Service Center at Holtsville, New York. As Mrs. Weissman is a party to the proceeding solely because she filed a joint return with her husband, hereinafter "petitioner" will refer to Mr. Weissman. During 1976, petitioner was employed as an associate professor of philosophy at City College of the City University of New York (hereinafter City College or CCNY). He taught classes at City College three days a week during the school year from 8:00 a.m. to 11:00 a.m. and was required to meet with students, prepare lectures, and grade examination papers. In addition, petitioner was required to do an unspecified amount of research and writing in his field in order to retain his teaching position. His research and writing was evaluated each year in written reports prepared by the chairman of his department. Petitioner *68 has published several scholarly articles and two books in his field of philosophy. His first book was published in 1965, the year he was hired at City College. Petitioner has not received any compensation for his published works. Under the bylaws of his employer, a candidate for promotion to associate professor must possess a record a record of significant scholarly achievement in his field or profession and must show evidence that his "alertness and intellectual energy are respected outside his * * * immediate academic community." At City College, as in other university communities, scholarly achievement is usually measured by research, writing and publication in one's field. There must also be evidence of continued growth and effectiveness in teaching. For promotion to the rank of professor, a candidate must demonstrate "an established reputation for excellence in teaching and scholarship in his * * * discipline." City College permitted petitioner to use an office of approximately 160 square feet for the performance of his non-classroom duties. He had to share this office with other professors. It contained several desks, chairs and filing cabinets, but no typewriter. It *69 was not a safe place to leave teaching, writing, or researching materials and equipment. Petitioner spent about 14 to 15 hours per week during the school year in this office, in his classroom and on the campus. The school library was open from 9:00 a.m. to 9:00 p.m. on weekdays. Petitioner occasionally used it to read and take notes, but the library offered no space for typing manuscripts. Petitioner did not teach or use the school-provided office in the summer of 1976. In 1976, petitioner and his family lived in a large 10 room apartment in New York, New York. Although a home office was not an explicit requirement of petitioner's employment contract with CCNY, petitioner used two rooms of the apartment, covering approximately 216 square feet, plus the bathroom between them, exclusively for research and writing. The two rooms were furnished with a desk, a typewriter, chairs, filing cabinets, and petitioner's books. There was no telephone. In 1976, petitioner spent 50 to 60 hours per week in this space doing research and writing with respect to a book entitled Eternal Possibilities, which he published in 1977. In 1976, petitioners allocated $1,540 of the rent and *70 other expenses of their apartment to the space used as an office and deducted that amount on their return as home office expense. In his notice of deficiency, respondent did not question the amount of the deduction, but disallowed it for failing to meet the requirements of section 280A. OPINION The issue we must decide is whether petitioner is entitled to a home office deduction under section 280A. Section 280A(a) provides that "no deduction * * * shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer * * * as a residence." Section 280A(c) provides, however, that the general disallowance in section 280A(a) "shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis * * * as the principal place of business for any trade or business of the taxpayer * * *." Where the taxpayer is an employee, section 280A(a) specifically requires that the exclusive use of the portion of the premises must be "for the convenience of his employer." Petitioner contends that his home office *71 is his principal place of business and the focal point of his activities as a professor. He argues that his home office, which he uses exclusively for research and writing, is maintained for the convenience of his employer because no space adequate for doing research and writing was provided to him by the university, yet they are requirements of his employment. Petitioner thus concludes that he is entitled to a home office deduction under section 280A(c). Respondent, on the other hand, argues that petitioner has not shown (1) that his home office is his principal place of business, or (2) that his home office is used for the convenience of his employer. In determining a taxpayer's principal place of business, we must ascertain the "focal point" of his business activities. Jackson v. Commissioner,76 T.C. 696, 700 (1981); Baie v. Commissioner,74 T.C. 105, 109 (1980). Petitioner was an associate professor of philosophy during 1976 and makes no claim that his research, culminating in the publication of a book, constituted a separate trade or business. *72 [2] The focal point of petitioner's activities as a professor would normally be the college where he teaches. We have uniformly held that the focal point of those who teach (at both college and secondary school levels) is the educational institution rather than the home office. [3] While research and writing was an important part of petitioner's duties as an associate professor, it does not shift the focal point of his job away from City College where he taught, met with students, graded examinations, and prepared lectures. [4] This is so even though petitioner spent more time each week doing research and writing at home than he spent in teaching and related activities at the college. [5]
*73 Although performing research was a condition of employment stated in the university bylaws, there was no similarly stated requirement for maintaining an office in the home for research activities. Petitioner's witness, the assistant chairman of the philosophy department, conceded that some of petitioner's research, e.g., keeping abreast of current developments in his field, could have been performed in the library. [6]
We have considered the case of Drucker v. Commissioner,715 F.2d 67 (2d Cir. 1983), revg. 79 T.C. 605 (1982), in which the principal place of business of musicians employed by the Metropolitan Opera Association was held to be their home practice areas rather than the Met's headquarters at Lincoln Center. The Court of Appeals characterized the musicians' situation as a "rare *74 situation." We think that Drucker presents a different situation from that of a college professor, such as petitioner. [7]
We conclude that petitioner's home office was not the focal point of his business activities and was not used for the convenience of his employer. [8] Consequently, section 280A prohibits the deduction of his home office expense. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise provided.↩
2. Cr. Sessions v. Commissioner,T.C. Memo. 1981-319↩, where a professor argued that he was in the separate trade or business of publishing. 3. Harris v. Commissioner,T.C. Memo. 1983-494; Moskovit v. Commissioner,T.C. Memo. 1982-427, on appeal (10th Cir. 1983); Storzer v. Commissioner,T.C. Memo. 1982-328; Taylor v. Commissioner,T.C. Memo. 1982-114; Strasser v. Commissioner,T.C. Memo. 1981-523; Weightman v. Commissioner,T.C. Memo. 1981-301; Cousino v. Commissioner,T.C. Memo. 1981-19, affd. by order 679 F.2d 604 (6th Cir. 1982), cert. denied 459 U.S.     (1982); Chauls v. Commissioner,T.C. Memo. 1980-471; and Kastin v. Commissioner,T.C. Memo. 1980-341↩. 4. See Weightman v. Commissioner,T.C. Memo. 1981-301↩, where the taxpayer, like petitioner, regarded his research activities as more important than his teaching activities. 5. Compare Strasser v. Commissioner,T.C. Memo. 1981-523↩.
6. This testimony directly contradicts the statement made by K. D. Irani, the chairman of the philosophy department at CCNY, in a letter which was attached to petitioner's 1976 tax return to the effect that petitioner was required as a condition of his employment to maintain a library and study in order to keep abreast of current developments in his field.↩
7. Bilenas v. Commissioner,T.C. Memo. 1983-661↩.
8. See S. Rept. No. 94-938 (1976), 1976-3 C.B. (Vol. 3), 49, 185-186; H. Rept. No. 94-658 (1975), 1976-3 C.B. (Vol. 2) 695, 852-853.↩