**David J. and Anne M. WEISSMAN,
Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent-Appellee.**

**No. 1518, Docket 84–4031.**

United States Court of Appeals,
Second Circuit.

Argued July 17, 1984.

Decided Dec. 20, 1984.

Robert J. Kelleher, District Judge, sitting by designation, filed a dissenting opinion.

Abraham L. Shapiro, New York City (Sidney Fox, Richard Rothman, Shapiro, Shiff, Beilly, Rosenberg & Fox, New York City, on the brief), for petitioners-appellants.

Francis M. Allegra, Atty., Tax Div., Dept. of Justice, Washington, D.C. (Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Ann Belanger Durney, Attys., Dept. of Justice, Washington, D.C., on the brief), for respondent-appellee.

Before NEWMAN and PRATT, Circuit Judges, and KELLEHER,* District Judge.

JON O. NEWMAN, Circuit Judge:

Prior to 1976 courts generally permitted income tax deductions for expenses related to the maintenance of a home office if the office was merely "appropriate and helpful" to the taxpayer's business. Recognizing the potential for abuse inherent in this standard, Congress curtailed the availability of the home-office deduction in the Tax Reform Act of 1976, Pub.L. No. 94–455, § 601(a), 90 Stat. 1520, 1569–72 (codified at 26 U.S.C. § 280A (1982)).[1] As applied to

---

* The Honorable Robert J. Kelleher of the United States District Court for the Central District of California, sitting by designation.

1. Section 280A of the Internal Revenue Code provides in relevant part:

 (a) General Rule

 Except as otherwise provided in this section, in the case of a taxpayer who is an individual or an S corporation, no deduction otherwise allowable under this chapter shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence.

 . . . .

 (c)(1) Certain business use

 Subsection (a) shall not apply to any item to the extent such item is allocable to a portion

educators, this provision has been viewed by the Internal Revenue Service, often with the approval of the Tax Court, as creating virtually an absolute rule against deducting expenses associated with the maintenance of an office in one's home.[2] Without returning to the "appropriate and helpful" standard, we conclude that the new provision, though strict, creates a test that can be met by educators and that the factual findings made by the Tax Court in this case involving a college professor establish his entitlement to a home-office deduction, despite the Tax Court's contrary conclusion.

David J. Weissman and Anne M. Weissman[3] appeal from a judgment of the United States Tax Court (Perry Shields, *Judge*) upholding the Commissioner of Internal Revenue's determination of a deficiency in their joint 1976 income tax return. *Weissman v. Commissioner,* 47 T.C.M. (CCH) 520 (1983). The finding of deficiency resulted from the disallowance of the Weissmans' deduction of $1,540 of rent and expenses allocable to that portion of their apartment used as an office. The Tax Court agreed with the Commissioner that appellants failed to meet the requirements of section 280A of the Internal Revenue Code ("Code"), 26 U.S.C. § 280A (1982). We reverse.

## I.

The Tax Court made numerous findings concerning Professor Weissman's duties and work locations. During 1976 Professor Weissman was employed as an associate professor of philosophy at City College of the City University of New York ("City College"). In addition to teaching, meeting

with students, and grading examinations, Professor Weissman "was required to do an unspecified amount of research and writing in his field in order to retain his teaching position." 47 T.C.M. (CCH) at 521. Under the University bylaws a candidate for promotion to associate professor must possess a record of significant scholarly achievement in his field, and, as the Tax Court found, "[a]t City College, as in other university communities, scholarly achievement is usually measured by research, writing and publication in one's field." *Id.*

Professor Weissman worked between 64 and 75 hours each week, but spent only 20% of this time at the City College campus. He spent the remaining 80% of his working hours at the office in his apartment, where he did the bulk of his research and writing. The results of these efforts included several articles and two books on philosophy. His home office consisted of two rooms and a connecting bathroom in his ten-room apartment. The Tax Court found that he used his home office "exclusively for research and writing." *Id.*

Although City College provided Professor Weissman with an office on campus, he was obliged to share the space with several other professors. The office contained several desks, chairs, and filing cabinets, but no typewriter. Moreover, as the Tax Court found, it was "not a safe place to leave teaching, writing, or research materials and equipment." The City College library was available to Professor Weissman from 9:00 a.m. to 9:00 p.m. on weekdays, but it did not afford him any private space in which to work.[4]

---

of the dwelling unit which is *exclusively used on a regular basis* —
  (A) [as] *the principal place of business* for any trade or business of the taxpayer.
  . . . .
  In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is *for the convenience of his employer.*
  (Emphasis added).

**2.** *See, e.g., Bilenas v. Commissioner,* 47 T.C.M. (CCH) 217 (1983); *Storzer v. Commissioner,* 44 T.C.M. (CCH) 100 (1982).

**3.** Mrs. Weissman is a party to this appeal solely because she filed a joint tax return with her husband.

**4.** The Tax Court noted that the assistant chairman of the philosophy department conceded that *some* of Professor Weissman's research could have been performed in the City College library. This was relied upon to contradict the testimony of the departmental chairman that Professor Weissman's home office was required as a condition of his employment. While we accept all the Tax Court's subsidiary factual

## II.

To qualify for a home-office deduction, a taxpayer must show that the office in his residence "is exclusively used on a regular basis" as his "principal place of business." 26 U.S.C. § 280A(c)(1) (1982). An employee, such as Professor Weissman, must also demonstrate that the office is maintained "for the convenience of his employer." *Id.* The fact that Professor Weissman used his home office exclusively and on a regular basis for employment-related activities is not disputed. Therefore we turn first to the issue whether the Tax Court correctly concluded that City College was Professor Weissman's principal place of business.

## A.

■ In identifying a taxpayer's principal place of business, the Tax Court often seeks to ascertain the "focal point" of his business activities. *Jackson v. Commissioner*, 76 T.C. 696, 700 (1981); *Baie v. Commissioner*, 74 T.C. 105, 109 (1980). While this may be helpful in many cases, when a taxpayer's occupation involves two very distinct yet related activities, such as practice and performance, *see Drucker v. Commissioner*, 715 F.2d 67 (2d Cir.1983), or writing and teaching, the "focal point" approach creates a risk of shifting attention to the place where a taxpayer's work is more visible, instead of the place where the dominant portion of his work is accomplished.

In the case of educators, the focal point approach does not always adequately distinguish between individuals with very different employment activities. No doubt many college professors spend most of their working hours teaching or engaging in teaching-related activities such as preparing for classes, meeting with students, and grading examinations and papers. Some college professors, however, spend the major share of their working hours researching and writing. Both types of employee have earned the designation

"professor," but the title should not obscure the differences between them.

In this case, the Tax Court focused too much on Professor Weissman's title and too little on his activities. The Court stated:

> The focal point of petitioner's activities as a professor would normally be the college where he teaches. We have uniformly held that the focal point of those who teach (at both college and secondary school levels) is the educational institution rather than the home office. While research and writing was an important part of petitioner's duties as an associate professor, it does not shift the focal point of his job away from City College where he taught, met with students, graded examinations, and prepared lectures. This is so even though petitioner spent more time each week doing research and writing at home than he spent in teaching and related activities at the college.

*Weissman v. Commissioner, supra,* 47 T.C.M. (CCH) at 522 (footnotes omitted). To the extent that the Tax Court found City College to be the focal point of Professor Weissman's employment activities simply because he taught courses there, it erred as a matter of law by failing to consider all aspects of his activities.

A college professor's principal place of business is not necessarily the college at which he teaches any more than a musician's principal place of business is necessarily the concert hall at which he performs. *See Drucker v. Commissioner, supra,* 715 F.2d at 69 ("Both in time and in importance, home practice was the 'focal point' of the appellant musicians' employment-related activities."). *Drucker* teaches that in each case the determination of a taxpayer's principal place of business depends on the nature of his business activities, the attributes of the space in which such activities can be conducted, and the practical necessity of using a home office

findings (and conclude that they establish the taxpayers' claim), we note that even the testimony of the assistant chairman implies that most

of Professor Weissman's research could not be done at the library.

to carry out such activities.[5] In *Drucker* the taxpayers were musicians who spent the majority of their employment-related hours practicing for performances. They required quiet space in order to benefit from their practice sessions, and, as a practical matter, it was necessary for them to practice at home because no adequate space was provided by their employer. Here the taxpayer is a college professor who spends the majority of his employment-related time—80% of it—researching and writing. He needs a place to read, think, and write without interruption, and it is necessary for him to work at home because his shared, unsafe office does not provide the privacy needed to undertake sustained scholarly research and writing. Though the City College library is available for research, it affords Professor Weissman no working space in which his research materials may be set aside or where he may use his typewriter. The lack of a *private* on-campus office makes Professor Weissman's home office a practical necessity.

Contrary to the Commissioner's contention, the new statute does not single out college professors and deny them the opportunity to qualify for the home-office deduction. Appellee cites a passage of the legislative history of section 280A in which the House Ways and Means Committee criticizes the former "appropriate and helpful" standard for judging home-office deductions:

> Thus, expenses otherwise considered nondeductible personal, living, and family expenses might be converted into deductible business expenses simply because, under the facts of the particular case, it was appropriate and helpful to perform some portion of the taxpayer's business in his personal residence. For example, if a university professor, who is provided an office by his employer, uses a den or some other room in his residence for the purpose of grading papers, preparing examinations or preparing classroom notes, an allocable portion of certain expenses might be claimed as a deduction even though only minor incremental expenses were incurred in order to perform these activities.

H.R.Rep. No. 94–658, 94th Cong., 2d Sess. 160 (1976), *reprinted in* 1976 U.S.Code Cong. & Ad.News 2897, 3054. Read in context, this passage merely reflects Congress' general concern that the home office be used exclusively for business purposes, and, in the case of an employee, that such use be for the convenience of his employer. As the explanatory section that immediately follows this passage notes, "The use of a portion of a dwelling unit for both personal

---

**5.** This standard is not unlike that set forth in the proposed regulations for implementation of section 280A. These proposed regulations provide, in relevant part:

> (3) *Determination of principal place of business.* When a taxpayer engages in a single trade or business at more than one location, it is necessary to determine the taxpayer's principal place of business for that trade or business in light of all the facts and circumstances. Among the facts and circumstances to be taken into account in making this determination are the following:
>
> (i) The portion of the total income from the business which is attributable to activities at each location;
>
> (ii) The amount of time spent in activities related to that business at each location; and
>
> (iii) The facilities available to the taxpayer at each location for purposes of that business.

26 C.F.R. § 1.280A–2(b)(3) (proposed), *reprinted at* 48 Fed.Reg. 33324 (daily ed. July 21, 1983). When applied to the instant case, these factors weigh in favor of permitting the home-office deduction. Because Professor Weissman is paid a salary that is not dependent upon the ratio of teaching to writing, the portion of his total income attributable to each activity, and thus to each location, is the same as the amount of time he works at each activity. Thus, both factor (i) and factor (ii) give an 80% weight to the home office as Professor Weissman's principal place of business. Factor (iii) results in almost the same calculation since the facilities at City College for teaching and meeting with students are adequate, but the facilities for research and writing are, with limited exceptions, not suitable. Appellee's argument that factor (i) cuts against the deduction because Professor Weissman derived no royalty income from the writing he did in his home office is misdirected. It fails to recognize that his research and writing were not claimed to constitute a separate trade or business, but were part of his duties as a professor and therefore part of the reason he was paid a salary.

purposes and for the carrying on of a trade or business does not meet the exclusive use test." *Id.* at 161, 1976 U.S.Code Cong. & Ad.News at 3054. Thus, the House Report's use of a college professor in this example demonstrates a concern that casual or occasional business use of a home office must not transform personal expenses into deductible expenses; it does not deny the home-office deduction to educators who meet the requirements of section 280A.

The Tax Court's own factual findings show that Professor Weissman's home office was his principal place of business. The Tax Court recognized that scholarly research and writing were conditions of Professor Weissman's continued employment by City College and that he pursued these activities in his home office an average of 80% of each working week. In some circumstances the fact that a professor spends a majority of his working time in his home office will not overcome the presumption that an educator's principal place of business is the college at which he teaches, *see Weightman v. Commissioner,* 45 T.C.M. (CCH) 167 (1982); *Moskovit v. Commissioner,* 44 T.C.M. (CCH) 859 (1982), *aff'd by unpublished opinion* (10th Cir. Oct. 19, 1983); *Storzer v. Commissioner,* 44 T.C.M. (CCH) 100 (1982); *Strasser v. Commissioner,* 42 T.C.M. (CCH) 1125 (1981); *Weightman v. Commissioner,* 42 T.C.M. (CCH) 104 (1981). But here not only was the home office the site of most of the taxpayer's work, its use was necessitated by lack of suitable working space on the campus.

### B.

■ Because Professor Weissman is an employee he must also establish that he maintains his home office for the convenience of his employer. The convenience-of-the-employer test is normally invoked to determine whether to exclude from taxable income the value of fringe benefits provided to employees by their employer. *See, e.g., Commissioner v. Kowalski,* 434 U.S. 77, 84–90, 98 S.Ct. 315, 319–322, 54 L.Ed.2d 252 (1977); *Adams v. United States,* 218 Ct.Cl. 322, 585 F.2d 1060, 1064–65 (1978). Perhaps for this reason the cases have not fully developed the meaning of the phrase, "for the convenience of his employer," when a deduction rather than an exclusion from income is at issue. The standard by which the convenience-of-the-employer test was judged in *Drucker* derives from the congressional intention to prevent the conversion of nondeductible personal expenses into deductible business expenses: "Because the [employer] provided appellants with no space for the essential task of private practice, the maintenance of residential space exclusively for such purpose was an expense almost entirely additional to nondeductible personal living expenses." 715 F.2d at 70. For this reason, and because the expenses were not " 'purely a matter of personal convenience, comfort, or economy,' " *id.* (quoting *Sharon v. Commissioner,* 66 T.C. 515, 523 (1976)), but were a business necessity, we held that the appellants in *Drucker* had satisfied the convenience-of-the-employer test. *Id.*

When the *Drucker* standard is applied to this case, it becomes clear that Professor Weissman has also satisfied the convenience-of-the-employer test. The cost of maintaining his home office was almost entirely additional to nondeductible personal living expenses because it was used exclusively for employment-related activities and because such use was necessary as a practical matter if Professor Weissman was faithfully to perform his employment duties. This practical necessity negates any claim that the office was used as a matter of personal convenience rather than for the convenience of the employer. *Cf. Commissioner v. Kowalski, supra,* 434 U.S. at 88, 98 S.Ct. at 321. The Commissioner attempts to distinguish *Drucker* on the ground that the employer there provided *no* space for practice, while here the employer provided some space, *i.e.,* a shared office and the library. *Drucker* is not so easily distinguished, however, for there, as here, the relevant fact is that the employer provided no *suitable* space for engaging in necessary employment-related

activities. Although City College has provided some space to Professor Weissman, it has not provided space in which he can effectively carry out his employment duties. The maintenance of a home office was not a personal preference of the employee; it spared the employer the cost of providing a suitable private office and thereby served the convenience of the employer.

This conclusion is not altered by the Commissioner's argument that "most of Weissman's research activity was not geared to his employer's job specifications, but, rather, was conducted for the purpose of increasing his own prestige and establishing his professional reputation in hopes of obtaining a more lucrative position." Appellee's Brief at 13. Though the Commissioner may not be persuaded, we see no reason to doubt that research and writing are essential aspects of the activity a college philosophy professor undertakes to enhance his classroom performance. In any event, the Tax Court found that engaging in research and writing was one of Professor Weissman's employment duties. Expenses incurred to satisfy an employment obligation do not become nondeductible simply because they improve an employee's value not only to his current employer but also to prospective employers.[6]

For the foregoing reasons, the decision of the Tax Court is reversed and the case remanded for entry of judgment rejecting the claimed deficiency.

KELLEHER, District Judge (dissenting):

The factual findings of the Tax Court fully support the conclusion that Professor Weissman failed to establish his entitlement to a deduction of his home office expenses. I agree with the Tax Court and the Commissioner that appellant failed to prove the requirements of Section 280A of the Code, 26 U.S.C. (1982), that his home office was the focal point of his business activities. Accordingly, I dissent.

There is no denying that the facilities provided to Weissman by City College were of a humble nature, inadequately serving some of his needs as a researcher-writer. Yet Weissman's responsibilities at CCNY included more than just research and writing; he taught classes, met with students, graded exams, prepared lectures, and kept abreast with current events in philosophy through publications available in the library. Weissman was employed by CCNY primarily *to teach.* The fact that he devoted the majority of his working hours to research and writing is incidental to the employment for which he was compensated and against which he seeks a tax deduction. Even though Weissman spent the majority of his time doing research and writing at home, the "focal point" of his job clearly was CCNY.

### I.

The Tax Court found on supportive evidence that the "focal point" of Weissman's business activities was CCNY. *Weissman v. Commissioner,* 47 T.C.M. (CCH) 520, 522 (1983). The Tax Court's determination is factual, and can be disturbed on appeal only if it is clearly erroneous. *Roemer v. Board of Public Works,* 426 U.S. 736, 758, 96 S.Ct. 2337, 2350, 49 L.Ed.2d 179 (1976); *Commissioner v. Duberstein,* 363 U.S. 278, 289, 80 S.Ct. 1190, 1198, 4 L.Ed.2d 1218 (1960).

---

**6.** Appellee's argument that business expenses cannot be deducted if they result in personal benefits overlooks the fact that many other deductible expenses undoubtedly have the effect of personally benefitting the taxpayer who incurs the expense. Perhaps the most obvious example is the provision for the deduction of expenses for meals and lodging while away from home on business. 26 U.S.C. § 162(a)(2) (1982); *see* 26 C.F.R. § 1.162–2(a) (1984). If meals and lodging constitute legitimate business expenses, they are deductible despite the fact that the taxpayer may eat a much more sumptuous meal or stay in more luxurious accommodations than he would have in the absence of a business justification for the expense. Much the same can be said about deductible educational expenses. Those expenses that are necessary to maintain or improve one's skills for a particular job are deductible, despite the personal benefits derived, as long as they are not undertaken to qualify the taxpayer for a new occupation. *See* 26 C.F.R. § 1.162–5(a)(1) (1984).

## A.

The Tax Court has uniformly held that the focal point of college and secondary school professors is the educational institution, and attached facilities, rather than the home office. *See Weightman v. Commissioner*, 45 T.C.M. (CCH) 167 (1982); *Moskovit v. Commissioner*, 44 T.C.M. (CCH) 859 (1982), *aff'd by unpublished opinion*, (10th Cir. October 19, 1983); *Storzer v. Commissioner*, 44 T.C.M. (CCH) 100 (1982); *Strasser v. Commissioner*, 42 T.C.M. (CCH) 1125 (1981); *Weightman v. Commissioner*, 42 T.C.M. (CCH) 104 (1981). The majority opinion implicitly asserts that the Tax Court applied these decisions in a rigid, formalistic manner to Weissman's situation. A closer inspection of a sampler of these cases, however, belies such a contention.

For example, in *Weightman v. Commissioner*, 42 T.C.M. 104 (1981), the taxpayer taught at Lehman College in the Bronx, New York City. He shared his office with two other educators in a building not open on the weekends. He had limited telephone access, no typewriter, and was constantly subject to the threat of burglary and assault. It was not safe to leave any belongings in his office, nor for him to stay at the college after dark. The taxpayer used a portion of his apartment exclusively and regularly for business purposes. Additionally, the taxpayer alleged that his home research activities were more important than his teaching. The Tax Court ruled, however, that he was employed as a teacher, not as a researcher. Consequently, the Tax Court decided that the taxpayer's principal place of business was the school, and not his home office. *Id.* at 108–09.

In *Storzer v. Commissioner, supra*, petitioner was supplied with an on-campus staff room; a small office space crammed with six desks and seven other academics, no typewriters, and no privacy. Further, the taxpayer was not provided with a library carrel or similar cubbyhole to perform research. Petitioner used a home office as his exclusive research and writing station. The taxpayer's contention that he spent more time in his home office fell on an unsympathetic court. Rather, the Tax Court held that Section 280A prohibited the deduction of Storzer's home office expenses. *Id.* at 102.

Weissman's situation was no more egregious than either case discussed above. The Tax Court's application of its interpretation of these cases to Weissman was sound and reasonable. As such, I have not found the Tax Court's holding to be factually deficient. The ruling that CCNY was Weissman's principal place of business, in my view, was not clearly erroneous.

## B.

I cannot agree with the majority's reading of *Drucker v. Commissioner*, 715 F.2d 67 (2d Cir.1983). There, the Court determined that the principal place of business of Metropolitan Opera musicians was their home practice area. These musicians were offered "*no* space for the essential task of private practice ...." *Id.* at 70 (emphasis in original). A musician must practice; he must have a suitable situs to harmonize the sounds his instrument emits. As a famous pianist once noted:

> If I don't practice for one day, I know it; if I don't practice for two days, the critics know it; if I don't practice for three days, the audience knows it.

E. Mach, *Great Pianists Speak for Themselves* (1980), *quoted in Drucker v. Commissioner*, 715 F.2d 67, 68 (2d Cir.1983).

In *Drucker* the Metropolitan musicians had no space to practice for their performance. Clearly, practice was essential to acceptable and compensable performance. Without their home practice facilities *Drucker* musicians would not have been able to refine and perfect the skills required to acceptable performances of the Metropolitan Opera. The *Drucker* court determined that the focal points of the musicians' employment related activities were their home practice studios. *Id.* at 69. The Court specifically limited this holding, however, and found this "to be the rare situation in which an employee's principal place

of business is not that of his employer." *Id.*

The work related activities of a college professor does not present any such "rare situation." Weissman was provided with on-campus accommodations to facilitate his teaching of philosophy. His office and the college library were sufficient stations for the acceptable and compensable performance of his job. He should not be allowed to deduct the expenses he incurred while using his home office.

### C.

I am disturbed by the breadth of the majority opinion. The Court established no restraints or limitations to its conclusions. Rather, it opens the door to an endless array of Section 280A cases; to all sorts of "creative" deductions of home office expenses. Inevitably, this Court will face a barrage of deduction claims, not unlike those of Professor Weissman. It is not the province of this Court to engage in a fact finding process and thereupon reverse the Tax Court's findings merely upon a disputable difference as to the correctness of such findings. To do so is a violation of the permissible standard of review by this Court. Accordingly, I dissent.