871 F.2d 1088
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James P. KISICKI; Deborah A. Kisicki, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 88-1354.
 United States Court of Appeals, Sixth Circuit.
 April 19, 1989.
 
 Before ENGEL, Chief Judge, BOGGS, Circuit Judge, and AVERN COHN, District Judge.*
 PER CURIAM.
 
 
 1
 James and Deborah Kisicki ("the Kisickis" or "taxpayers") appeal from a decision of the United States Tax Court finding deficiencies in tax payments for the years 1981 ($474.80) and 1982 ($3,838.38). In general, the dispute centers on the disallowance of deductions for business expenses which the taxpayers allege were incurred in the normal, ordinary course of their commercial talent business. In addition, Kisicki has claimed that his home office is his principal place of business, thereby attempting to justify his tax treatment of certain travel expenses and his taking a depreciation deduction and investment tax credits for that office. Finally, the Tax Court ruled that Kisicki was liable for self-employment tax, which Kisicki does not contest. We affirm.
 
 
 2
 * The dispute arose when the Commissioner of Internal Revenue (IRS) redetermined the taxpayers' income tax liabilities for the years in question. The IRS determined that the taxpayers were liable for an additional $626.25 in 1981 and $4324.00 in 1982. A trial was held on June 26, 1986. The deficiency in tax asserted by the IRS for both years was attributed, in general, to claimed deductions for business-related expenses, travel and entertainment, and investment tax credits and depreciation deductions taken by the taxpayers based on their claim that Mr. Kisicki's home office is his principal place of business. At trial, the IRS made a number of concessions, leaving deficiencies in the amounts of $474.80 for 1981 and $3838.38 for 1982.
 
 
 3
 The relevant facts are as follows. The taxpayers are married, and filed tax returns for the years in question. James Kisicki is a theatrical and commercial actor. The IRS disallowed many of the claimed business-related deductions, and further determined that Kisicki had to pay a self-employment tax.
 
 
 4
 The Tax Court found that the disallowed items were not business expenses. The taxpayer was liable for self-employment tax and was not allowed to deduct gifts, travel or entertainment expenses when he had not substantiated the deductions by satisfying the strict requirements of Section 274 of the Internal Revenue Code. The court found that the documents submitted by the taxpayer were not prepared at or near the time the claimed expenditures were made, and that many of the entertainment expenses were indistinguishable from what is normally considered personal entertainment. Further, because the use of one room in the taxpayer's home for storage and receipt of telephone calls did not make that room the "focal point" of his business activities, his claims for deductions, investment tax credits and depreciation deductions relating to the office were disallowed under Section 280A. Finally, because the home office was not the taxpayer's principal place of business, trips between home and various studios and theaters were ordinary commuting expenses, and so were not deductible.
 
 II
 
 5
 Keeping in mind the rule that the Tax Court's findings of fact will not be disturbed on appeal absent a finding that they are clearly erroneous, Tennessee Securities, Inc. v. C.I.R., 674 F.2d 570, 573 (6th Cir.1982) (citation omitted), we have reviewed those findings and find no clear error. The taxpayer has the burden of establishing his right to a claimed deduction as an "ordinary and necessary expense[ ] paid or incurred during the taxable year in carrying on any trade or business." Kalamazoo Oil Co. v. C.I.R., 693 F.2d 618, 620 (6th Cir.1982); 26 U.S.C. Sec. 162(a). Under 26 U.S.C. Sec. 162(a), deductions for ordinary and necessary business expenses are allowed. However, under 26 U.S.C. Sec. 274(a)(1)(A), no deduction for entertainment shall be allowed "unless the taxpayer establishes that the item was directly related to ... the active conduct of the taxpayer's trade or business." Further, 26 U.S.C. Sec. 274(d) requires that the amount, nature and purpose of all expenses be recorded contemporaneously with their expenditure. See also Treas.Reg. Sec. 1.274-5(c)(2) (1975).
 
 
 6
 After a careful review of the record in this case, we agree with the Tax Court that the taxpayers did not meet these recording requirements. In fact, the taxpayers admitted, upon examination at trial, that the calendar sheets which they submitted as documentation were not prepared until the time the taxpayers knew they were being audited by the IRS. Thus, these records were not prepared "at or near the time" the expenditures were made. Further, Kisicki admitted that he altered the calendars to conform to receipts whenever a discrepency arose. Therefore, all disallowances which were based on the inadequacy of the taxpayers' record-keeping must be affirmed.
 
 
 7
 We also agree with the Tax Court's conclusion that the taxpayer's home office was not his principal place of business. Generally, no deduction is allowed for the expense of the use of a room in one's home for business purposes unless the room is used as one's principal place of business. Sec. 280A(a), (c)(1)(A). The Tax Court has defined one's principal place of business as the "focal point" of one's business activities. Weissman v. C.I.R., 751 F.2d 512, 514 (2d Cir.1984) (citing Jackson v. Commissioner, 76 T.C. 696, 700 (1981) and Baie v. Commissioner, 74 T.C. 105, 109 (1980)). Accord Drucker v. C.I.R., 715 F.2d 67, 69 (2d Cir.1983). Some courts have rejected the wisdom of using this test, instead favoring an examination of "the nature of [the taxpayer's] business activities, the attributes of the space in which such activities can be conducted, and the practical necessity of using a home office to carry out such activities." Weissman, 751 F.2d at 515; Meiers v. C.I.R., 782 F.2d 75, 79 (7th Cir.1986).
 
 
 8
 Under either approach, the Tax Court must be affirmed. Although it was necessary for Kisicki to maintain a telephone on which to make and receive calls, the Tax Court found as fact that Kisicki did most of his work in theaters and studios. He rehearsed, stored materials and did clerical work at home. However, Kisicki's income was derived from his performances, which were all accomplished outside of his home. He spent most of his time, according to his own testimony, outside of the home, soliciting business, visiting potential clients, agents, and advertisers. Kisicki's furnishing of his home office consisted of adding some shelves on brackets attached to the walls, and installing a telephone. Thus, although there were no facilities available for use as a separate office at the theaters or studios, almost all of Kisicki's work was done outside of his home, without the use of an office. We find no evidence which would support a reversal of the Tax Court's decision.
 
 
 9
 In addition, as the Tax Court noted, it is well-established that the cost of commuting between one's home and place of business is a nondeductible personal expense. Treas.Reg. Sec. 1.262-1(b)(5); Fausner v. Commissioner, 413 U.S. 838, 839 (1973). The taxpayers deducted all expenses for travel to and from work, as well as between and among various work sites, as business mileage. The taxpayer stated that his sole justification for this was that he considered his residence to be his principal place of business. Thus, as the Tax Court concluded, once it has been determined that Kisicki's principal place of business is not his residential office, there can be no question that the Tax Court was correct in sustaining the Commissioner's disallowance of these deductions.
 
 
 10
 The same is true regarding the depreciation deduction and investment tax credit. 26 U.S.C. Sec. 168(c)(1)(A) allows depreciation deductions to be taken on property used in a trade or business. An investment credit can be taken for acquisition of depreciable tangible property used in such trade or business. 26 U.S.C. Secs. 38(a), 48(a)(1)(A). In the instant case, in that the home office is not the principal place of business, these claims must fail.
 
 
 11
 The taxpayer does not challenge the assessment of self-employment taxes under 26 U.S.C. Secs. 1401, 1402(a), and rightly so. Thus, we agree with the Tax Court's determinations regarding all of the taxpayers' allegations, and thereby AFFIRM the decision of the Tax Court.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation