LAURA ELEANOR PUCKETT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Puckett v. Commissioner
Docket No. 5523-88
United States Tax Court
T.C. Memo 1990-89; 1990 Tax Ct. Memo LEXIS 89; 58 T.C.M. (CCH) 1495; T.C.M. (RIA) 90089; February 26, 1990
Laura E. Puckett, pro se. Michael A. Urbanos, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to tax Year
Deficiency
sec. 6653(a)(1)
sec. 6653(a)(2)
1984
$ 3,230
$ 161.50
*
1985
2,757
137.85
*
*90 After concessions, the issues are (1) petitioner's entitlement to home office deductions, and (2) petitioner's liability for additions to tax for negligence. All section references are to the Internal Revenue Code of 1954 for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated. Those facts are so found and incorporated by this reference. Petitioner resided in Minneapolis, Minnesota when she filed her petition. Petitioner is a full-time professor at North Hennepin Community College (the college). She has Ph.D. degrees in clinical psychology, and in veterinary physiology and pharmacology. Since 1959, she has published the results of her research in the areas of physiology and psychology. Petitioner's primary duty at the college is teaching. She is expected to work 40 hours per week, with 12 hours per week of classes and another 4 hours of office hours. She is expected to spend the remainder of her time on course and lecture preparation, evaluation of student test results, committee work, and keeping abreast of developments in her field. The college does not stand in *91 the way of faculty members who wish to engage in research, but does not require research. Only a few faculty members engage in research. Petitioner has an office on campus. She also has a home office where she does her research and writing. This office is not required by the college. The college expects its teachers to spend most of their time on campus, not at home. Petitioner also is a licensed clinical psychologist and carries on her consulting clinical physiology activity as a sole proprietorship in the IDS Tower in Minneapolis. She meets clients in her IDS office and conducts none of that activity at home. Respondent has allowed expenses of petitioner's consulting activity of $ 4,958.70 for 1984 and $ 6,370.72 for 1985. Respondent also has allowed employee business expenses of $ 1,941.79 for 1984 and $ 1,363.59 for 1985. Petitioner has presented no substantiation of any expenses beyond those allowed by respondent. The expenses allowed by respondent will be taken into account in the Rule 155 computation. OPINION The first issue is petitioner's entitlement to a home office deduction. Petitioner bears the burden of proof. Rule 142(a). Section 280A(a) provides that *92 no deduction is allowed with respect to the use of a dwelling unit used as a residence. Section 280A(c), however, establishes certain exceptions to this general rule of nondeductibility. Petitioner relies upon the exception in section 280A(c)(1), which provides that the general rule of nondeductibility shall not apply to "any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis * * * [as] the principal place of business for any trade or business of the taxpayer * * * In the case of an employee, the * * * exclusive use * * * [must be] for the convenience of his employer." We need not consider the applicability of the "principal place of business" requirement because it is clear that petitioner's home office was not for the convenience of her employer. Petitioner argues that research was part of her job, and that she could not carry out her research in her campus office. However, the college's dean of instruction testified that petitioner was required neither to do research nor to have a home office. There is nothing in the record which suggests that petitioner's home office was for the convenience of her employer. *93 Under similar facts, we have denied the home office deduction. See Duffey v. Commissioner, T.C. Memo. 1981-325. Petitioner relies heavily on Weissman v. Commissioner, 751 F.2d 512 (2d Cir. 1984), revg. and remanding a Memorandum Opinion of this Court, in which a college professor was allowed a home office deduction. However, the professor in that case was required to do research. Weissman at 513. His use of his home office was for the convenience of his employer "because such use was necessary as a practical matter if Professor Weissman was faithfully to perform his employment duties." Weissman at 516. Weissman is inapplicable to the facts of the instant case because petitioner did not perform any of her employment duties in her home office. Petitioner makes no argument that her home office is in any way related to her activities as a consulting clinical psychologist. Accordingly, we hold for respondent on the home office issue. Respondent also asserts additions to tax for negligence under section 6653(a)(1) and (2). Petitioner is liable for these additions to tax if any part of her underpayment is due to negligence or intentional *94 disregard of rules or regulations. Sec. 6653(a)(1) and (2). Petitioner bears the burden of proof on this issue, yet did not address it at trial or on brief. Accordingly, respondent prevails on this issue. Decision will be entered under Rule 155. Footnotes
*. 50 percent of the interest due on the deficiency.↩