HOWARD F. TRUSSEL and ELEANOR TRUSSEL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Trussel v. Commissioner
Docket No. 6226-80.
United States Tax Court
T.C. Memo 1982-680; 1982 Tax Ct. Memo LEXIS 66; 45 T.C.M. (CCH) 190; T.C.M. (RIA) 82680; November 23, 1982. Howard Trussel, pro se. Michael Shaff, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge:* Respondent determined a deficiency of $939 in petitioners' Federal income tax for 1976. The question presented is whether petitioners are entitled to a home office deduction under section 280A. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits and supplements *68 thereto are incorporated herein by this reference. Petitioners Howard F. Trussel and Eleanor Trussel resided in Roslyn, New York, at the time they filed their petition herein. They timely filed their joint Federal tax return for 1976 with the Internal Revenue Service Center at Holtsville, New York. During the year 1976 Howard F. Trussel (petitioner) was a housing judge in the Civil Court of the City of New York, Bronx County. Petitioner designated the den of his home to be his home office. The den contained two bookshelves, a stationery cabinet, a file cabinet, a desk, a chair, a typewriter on a table, a copying machine, and a closet containing petitioner's work papers. There were no items of a personal nature in the room, and it was used exclusively as an office. Petitioner's employer did not require that housing judges maintain a home office. Petitioner worked at the Bronx Housing Court during normal business hours, generally 9:00 a.m. to 5:00 p.m., except on those occasions when an afternoon trip to a housing site was required by a case before him in court. No time during the regular workday was allocated to any judicial function other than hearing cases. Thus petitioner *69 devoted evenings and weekends to researching the law and writing his opinions. The court did not furnish petitioner with a secretary, a law clerk, a typist, an office, chambers, a telephone, or a typewriter. In addition, the Bronx Housing Court is located in a dangerous neighborhood, and petitioner's safety there after dark could not be guaranteed. Besides trying cases, petitioner performed various other functions complementary to his specified judicial duties. Petitioner designed and implemented innovative methods and forms that contributed greatly to the Bronx Housing Court's goal of preserving housing stock in the Bronx. He met with landlords, tenants, and community organizations outside of court in efforts to save buildings. He conducted seminars for other Bronx Housing Court officials to instruct them in his innovative techniques.Petitioner spent approximately 32 hours per week in his home office working on these activities, as well as answering litigants' letters, reading relevant legal and housing publications, and preparing his opinions. Such activities did not produce any income in addition to his salary as a judge. The various extra-judicial activities outlined *70 above were extremely helpful to petitioner, to his employer, and to the public with respect to the goal of preserving housing in the Bronx. Those efforts were praised and often emulated throughout the City. They were not, however, requirements of the job. Petitioner could have fulfilled the minimum requirements of his job by merely sitting in his courtroom and serving as a trier of housing disputes. Petitioner deducted $1,625 on his 1976 return for expenses of rent, electricity, and heating attributable to his home office. Petitioner also deducted $1,500 for travel expenses, $220 for telephone expenses, and $360 for tolls. In a notice of deficiency dated February 8, 1980, respondent disallowed the home office deduction in full, $1,305 of the travel expense deduction, $20 of the telephone expense deduction, and all of the deduction for tolls. Petitioner has conceded the accuracy of the disallowance regarding travel, telephone, and tolls, and only challenges respondent's determination of nondeductibility of the home office expenses. OPINION Section 208A limits deductions for expenses of an office in the home for taxable years beginning after December 31, 1975. [2] That section *71 cannot readily be understood without reference to the structure of its general rule and the exceptions to the general rule.
Section 280A(a) provides generally that "no deduction * * * shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence." [3] Section 280A(c)(1), as recently amended, sets forth an exception to this general disallowance [4] by providing that: (1) Certain business use.--Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis-- A [as] the principal place of business for any trade or business of the taxpayer, [5]
*72 (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, or (C) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business. In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is for the convenience of his employer. Petitioner does not contend that he qualifies for a deduction under either (B) or (C) of section 280A(c)(1). A dollar limitation on deductions for business use of a dwelling unit is set forth in section 280A(c)(5), which provides that: deductions allowed under this chapter for the taxable year by reason of being attributed to such use shall not exceed the excess of-- (A) the gross income derived from such use for the taxable year, over (B) the deductions allocable to such use which are allowable under this chapter for the taxable year whether or not such unit (or portion thereof), was so used. Respondent contends that petitioner fails to qualify for deductions under section 280A in several ways: First, *73 because the maintenance of a home office was not required by petitioner's employer, the office was not maintained by petitioner for the convenience of the employer; second, the home office was not the focal point of petitioner's job and thus was not his principal place of business; and, third, petitioner did not derive any gross income from the use of the home office in excess of deductions otherwise allowable for the office portion of his home. Thus, even if the deduction is allowable under section 280A(c)(1), it is limited to zero under section 280A(c)(5). Petitioner answers respondent's first argument by pointing out that the statute does not state that the home office must be required by the employer, but only that it be used for the convenience of the employer. Because his employer did not provide him with the facilities required to perform the job expected of him, petitioner argues, without citation of authority, that he has satisfied the "convenience of the employer" test. Petitioner answers respondent's second argument by asserting that his job as a trier of landlord-tenant disputes is merely part of his judicial function; that he must also try to save housing by *74 whatever legal means are available and act as adviser to community groups, landlord groups, and tenant groups in their quests for improved housing; and that when added together, the work he performs in his home office implementing the various parts of his job makes up more than two-thirds of his job. Thus, petitioner concludes, his principal place of business is his home office. Petitioner does not address respondent's third argument. Inasmuch as we hold for reasons set forth below that petitioner's principal place of business is not his home office, we need not decide whether the "convenience of the employer" requirement is met or whether the limitations of section 280A(c)(5) would serve to sustain respondent's determination. In the recent case of , this Court applied the criteria controlling the decision here. The taxpayer in the Drucker case was employed as a concert musician with the Metropolitan Opera to rehearse at Lincoln Center and to play during opera performances. The Metropolitan Opera did not provide its musicians with practice facilities but expected them to practice on an individual basis off the premises. *75 While recognizing that the taxpayer may have spent more hours practicing at home than playing at Lincoln Center, the Court nevertheless concluded that the focal point of his activities was at Lincoln Center. Although practice at home may have been essential to his job, his job required only that he play at Lincoln Center at requisite times. The focal point of the job from both the employer's and the employee's perspective was held to be Lincoln Center. Thus, the home practice studio did not comprise the taxpayer's principal place of business. The Court in the Drucker case noted that: The legislative history unfortunately offers little guidance as to the scope of "principal place of business" as that term is employed in section 280A. . It is clear, however, that a taxpayer can have only one principal place of business for each business in which he is engaged. ; . As we said in , "We therefore take it that what Congress had in mind was the *76 focal point of a taxpayer's activities." See also ; . While the number of hours worked at the various places at which business is transacted is a factor to be considered, it is not controlling. . See also As a necessary ingredient, we must examine the nature of the taxpayer's trade or business, the various activities of which it is constituted, and the locations where those activities are carried out. . Petitioner testified at trial that he spends on the average of 32 hours a week working at home. Because for five days a week he is in court from 9:00 a.m. to 5:00 p.m., except for the occasions when he inspects housing sites and during his lunch hours, he spends at least an equal amount of time in court. Petitioner also testified that he would have adequately fulfilled his job requirements had he devoted only his days in court to his job. His other activities, although obviously useful and *77 praiseworthy, were, as petitioner himself testified, "extra-curricular activities." The only justifiable conclusion here is that the focal point of his job as a housing judge was the Civil Court of the City of New York, Bronx County. Petitioner's home office is not his principal place of business, and the deduction is therefore not allowable. Decision will be entered for the respondent.
Footnotes
*. By order of the Chief Judge, this case was reassigned from Judge Sheldon V. Ekman, deceased, to Judge Mary Ann Cohen for disposition. ↩
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. Sec. 601, Tax Reform Act of 1976, Pub. L. 94-455, 90 Stat. 1520, 1569-1572.↩
3. Sec. 280A(b) provides that "subsection (a) shall not apply to any deduction allowable to the taxpayer without regard to its connection with his trade or business (or with his income-producing activity)." ↩
4. Other exceptions to the general disallowance provision of sec. 280A(a) are set forth in sec. 280A(c)(2), (3), and (4).↩
5. Sec. 280A was amended by Pub. L. 97-119, as signed into law Dec. 29, 1981. Prior to amendment, subsec. (c)(1)(A) read "(A) as the taxpayer's principal place of business." This amendment applies retroactively to tax years beginning after Dec. 31, 1975, except that, for tax years after Dec. 31, 1975, and before Jan. 1, 1980, the amendment applies "only to taxable years for which, on the date of the enactment of this Act, the making of a refund, or the assessment of a deficiency, was not barred by law or any rule of law." Sec. 113(e). . Petitioner has not contended that the home office is the principal place of business for a trade or business other than that of being a judge for the Bronx Housing Court.↩