John MEIERS and Sally Meiers, Petitioners-Appellants,

v.

COMMISSIONER OF the INTERNAL REVENUE, Respondent-Appellee.

No. 85–1209.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 1, 1985.

Decided Jan. 14, 1986.

As Amended Jan. 23, 1986.

---

Gaar W. Steiner, Michael, Best, Friedrich, Milwaukee, Wis., for petitioners-appellants.

Gary D. Gray, Dept. of Justice, Washington, D.C., for respondent-appellee.

Before CUDAHY and EASTERBROOK, Circuit Judges, and PELL,* Senior Circuit Judge.

PER CURIAM.

Taxpayers John and Sally Meiers appeal from a decision of the United States Tax Court sustaining the Commissioner's determination of deficiencies related to deductions taken for maintaining an office in their residence. This court has jurisdiction under 26 U.S.C. § 7482. We reverse.

### I.

The taxpayers are the sole shareholders of the Appleton Laundry Corporation which operates a self-service laundromat in Appleton, Wisconsin. Sally Meiers managed the laundromat and retained five part-time employees to assist the customers, make change, sell laundry products, launder customers' clothes and clean the laundromat. Mrs. Meiers' duties as manager included drafting the work schedule for employees, collecting money from the machines and filling the coin changer, assisting customers, performing bookkeeping and other managerial tasks. On average, Mrs. Meiers spent an hour a day at the laundromat and two hours a day in an office in her home drafting work schedules for employees and doing the laundromat's bookkeeping. The "home office" consisted of a separate room in the taxpayers' home and contained a desk, filing cabinet, safe, change counter and sofa. It is undisputed that this separate room was used exclusively for administrative work on behalf of the laundry. It is also undisputed that the taxpayers made a legitimate business decision not to make office space in the laundromat.

### II.

The sole issue in this case is whether the taxpayers are entitled to deductions arising from the maintenance of an office in their home. The Tax Court disallowed the "home office" deductions because it concluded that the "focal point" of the taxpayers' laundromat business was at the laundry. *See, e.g., Baie v. Commissioner,* 74 T.C. 105 (1980). The taxpayers contend that the Tax Court erred in basing its decision upon the "focal point" of the laundromat business rather than upon the principal situs of Mrs. Meiers' activities in performing her responsibilities as an employee of the laundromat. Taxpayers contend that the principal situs or focal point of Mrs. Meiers' activities as an employee of the laundromat is her home office.

The general rule contained in 26 U.S.C. § 280A, which controls home office deductions, is that "no deduction ... shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer

---

* Judge Pell had been a member of the original panel sitting on this case and approved in principle the result reached in the foregoing order, although for reasons not connected with the decision of the case he did not participate in any judicial work subsequent to December 30, 1985.

during the taxable year as a residence." [1] This general rule is, however, subject to an exception for expense which is allocable to a portion of the dwelling unit that is exclusively used on a regular basis:

(1) as the taxpayer's principal place of business, or

(2) as a place which is used by patients, clients or customers in meeting or dealing with the taxpayer.

26 U.S.C. § 280A(c). Further, when an employee maintains a home office, deductions are allowed only if the home office is maintained for the convenience of the employer.

Prior to the enactment of § 280A, which specifically addresses the deductibility of home office expenses, 26 U.S.C. § 162 (deduction of ordinary and necessary business expenses), § 212 (deduction of expenses incurred for the production of income) and § 262 (non-deductibility of personal, living or family expenses) governed the deductibility of expenses for a home office. In analyzing the deductibility of these expenses, the Tax Court applied the liberal standard of "appropriate and helpful" to determine whether a home office expenditure was "ordinary and necessary." *See, e.g., Newi v. Commissioner*, 28 T.C.M. (CCH) 686 (1969), *aff'd*, 432 F.2d 998 (2d Cir.1970); *cf. Bodzin v. Commissioner*, 60 T.C. 820 (1973) *rev'd*, 509 F.2d 679 (4th Cir.), *cert. denied*, 423 U.S. 825, 96 S.Ct. 40, 46 L.Ed.2d 41 (1975); *Sharon v. Commissioner*, 66 T.C. 515 (1976), *aff'd*, 591 F.2d 1273 (9th Cir.1978), *cert. denied*, 442 U.S. 941, 99 S.Ct. 2883, 61 L.Ed.2d 311 (1979). The Commissioner objected to these liberal

home office standards applied by the Tax Court. *See, e.g.*, Rev.Rul. 62–180, 1962–2 C.B. 52, requiring the taxpayer to establish that the use of a home office was a condition of employment. The Commissioner therefore petitioned Congress to tighten the standards for home office deductions.

Thereafter Congress enacted § 280A to resolve the dispute between the Commissioner and the Tax Court with respect to home office deductions. *Green v. CIR*, 707 F.2d 404, 407 (9th Cir.1983). Congress wished to provide "definitive rules relating to deductions for expenses attributable to the business use of homes," Sen.Rep. 94–1236 (1976), *reprinted in* 1976–3 C.B. 807, 839 (Vol. III), and to preclude the deduction of "non-deductible personal, living and family expenses" as business expenses. Section 280A therefore imposes a heavy burden upon taxpayers to establish that their "home office" expenses meet its stringent standards for deductibility.

In evaluating these claimed expenses, the Tax Court has established a "focal point" test to identify the taxpayer's principal place of business as required by statute. In *Baie*, the taxpayer operated a hot dog stand and, due to limited space, prepared food for the stand in her kitchen. Baie also used a second bedroom in her house for bookkeeping and recordkeeping related to the stand. Finding no guidance in the legislative history of § 280A for defining the "principal place of business," the Tax Court settled on the focal point test. The Court concluded that Baie was not entitled to a deduction for a home of-

---

1. 26 U.S.C. § 280A provides in pertinent part:
§ 280A. Disallowance of certain expenses in connection with business use of home, rental of vacation homes, etc.
(a) General rule.—Except as otherwise provided in this section, in the case of a taxpayer who is an individual or an S corporation, no *deduction otherwise allowable under this* chapter shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence.
(b) Exception for interest, taxes, casualty losses, etc.—Subsection (a) shall not apply to any deduction allowable to the taxpayer without regard to its connection with his trade or

business (or with his income-producing activity).
(c) Exceptions for certain business or rental use; limitation on deductions for such use.—
(1) Certain business use.—Subsection (a) shall not apply to any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis—
(A) [as] the principal place of business for any trade or business of the taxpayer.
(B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, or
* * * * * *

fice because the hot dog stand, not the home, was the focal point of her activities. Since *Baie,* the Tax Court has consistently applied the focal point test in evaluating the deductibility of home office expenses. *See, e.g., Moskovit v. Commissioner,* 44 T.C.M. (CCH) 859 (1982) (focal point of teacher is school); *Lopkoff v. Commissioner,* 45 T.C.M. (CCH) 256, 258 (1982) (focal point of Veterans Administration administrative assistant is hospital); *Trussel v. Commissioner,* 45 T.C.M. (CCH) 190, 191–92 (1982) (focal point of judge is the courtroom). The Tax Court has held that the number of hours spent on various activities and in different locations is not controlling in determining the taxpayer's focal point. *See Green v. Commissioner,* 78 T.C. 428, 433 (1982), *rev'd,* 707 F.2d 404 (9th Cir. 1983); *Jackson v. Commissioner,* 76 T.C. 696, 700 (1981). Rather, the Tax Court generally identifies the taxpayer's focal point as the place where goods or services are provided to customers or clients or where income is produced.

In *Drucker v. Commissioner,* 715 F.2d 67 (2d Cir.1983), the Second Circuit, in reversing the Tax Court, cast serious doubt on that tribunal's application of the focal point test. Drucker, a concert violinist in the New York Metropolitan Opera, used a room in his apartment exclusively as a private studio for practice thirty hours a week. The Tax Court held that the focal point of Drucker's activities as an employee was the performance hall, not his apartment, and denied the deduction. The Second Circuit reversed in an opinion which it apparently regarded at the time as *sui generis* ("It is indeed a 'strange way to make a living,' and we believe that the Tax Court failed to come to grips [sic] with that fact." 715 F.2d at 69). The Second Circuit stressed the apparently unusual facts:

> ... [W]e find this the rare situation in which an employee's principal place of business is not that of his employer. *Both in time and in importance, home practice was the 'focal point' of the appellant musicians' employment-related activities. See Wisconsin Psychiatric Servs., Ltd. v. CIR,* 76 T.C. 839,

848–49 & n. 9 (1981); *Moller v. United States,* 553 F.Supp. 1071, 1078 [1 Cl.Ct. 25] (Ct.Cl.1982); *Hughes v. CIR,* 41° T.C.M. 1153, 1159 (1981). Less than half of appellants' working time was spent at Lincoln Center. The work they did perform there, *i.e.* rehearsals and performances, was made possible only by their solo practice at home. Moreover, the Met also performed in the City parks and on tour. The place of performance was immaterial so long as the musicians were prepared, and most of the preparation occurred at home. The home practice areas were appellants' principal places of business within the meaning of section 280A.

*Id.* (emphasis added). Drucker had no office at the concert hall available for practicing, and, as a condition of employment was required to practice. In allocating and maintaining residential space for this business purpose, he incurred tax deductible home office expense.

The Second Circuit followed *Drucker* with *Weissmann v. Commissioner,* 751 F.2d 512 (2d Cir.1984), which further undermined the focal point test. Weissmann was an associate professor of philosophy at the City College of the City University of New York. Weissmann taught, met with students, graded examinations and, to maintain his teaching position, was required to perform research and to write in his field. Although Weissmann had an office on campus, he shared it with other professors. He also had access to a library but no particular space was available to him for conducting research. Weissmann spent eighty percent of his time in an office in his home doing research and writing; the remaining twenty percent of his time was devoted to teaching.

The *Weissmann* court commenced its analysis by stating that, although the focal point test is helpful in many cases, when a taxpayer's occupation involves two very distinct yet related activities, "... the 'focal point' approach creates a risk of shifting attention to the place where a taxpayer's work is more visible, *instead of the*

*place where the dominant portion of his work is accomplished.*" 751 F.2d at 514 (emphasis added). The *Weissmann* court noted that Weissmann's activities consisted both of teaching in school and of researching and writing. The latter activity required "a place to read, think and write without interruption...." 751 F.2d at 515. The use of a home office was essential to Weissmann because the college's library facilities were inadequate due to lack of privacy and unsafe conditions. Weissmann's home office was thus his "principal place of business."

■ We, like the Second Circuit, question the usefulness of the focal point test. As *Weissmann* points out, at least where a taxpayer's occupation involves distinct activities, "the 'focal point' approach shifts attention to the place where the taxpayer's work is more visible, instead of the place where the dominant portion of his work is accomplished." 751 F.2d at 514. Here, it is undisputed that Sally Meiers' "principal place of business" in terms both of hours worked and probably of functions performed, was the home office, not the laundromat. The focal point test as applied by the Tax Court places undue emphasis upon the location where goods or services are provided to customers and income is generated, not necessarily where work is predominantly performed. The focal point test is concededly easy to apply and is less subjective than pre-§ 280A standards. Yet we do not believe this approach is fair to taxpayers or carries out in the most appropriate way the apparent intent of Congress.

■ In determining the taxpayer's principal place of business, we think a major consideration ought to be the length of time the taxpayer spends in the home office as opposed to other locations. *See Weissmann*, 751 F.2d at 516 (eighty percent of each working week spent at home office); *Drucker*, 715 F.2d at 69 (more than half of work week spent at home office). But time spent is not necessarily the only consideration. There are other factors, which may from time to time weigh in the balance, such as the importance of the business functions performed by the taxpayer in the home office; the business necessity of maintaining a home office; and the expenditures of the taxpayer to establish a home office. *See, e.g., Green v. CIR,* 707 F.2d at 407. We think that the application of these factors to home office deductions will carry out the purpose of Congress to prevent taxpayers from converting non-deductible personal expenses into deductible business expenses while ensuring that taxpayers retain their entitlement to deduct necessary business expenses.

■ In applying these standards to the present case, we conclude that the Tax Court erred in denying taxpayers a deduction for a home office. Mrs. Meiers spent most of her time in the home office and performed what may be her most important functions as a manager there. The Meiers made a legitimate business decision not to create office space at the laundromat. Further, the Commissioner concedes that this is not a situation where the taxpayers are attempting to convert non-deductible personal living expenses into deductible business expenses. Accordingly, we reverse the decision of the Tax Court denying the taxpayers a deduction for their home office expenses.

REVERSED.