NEVILLE BARDSLEY DUDLEY AND GLORIA MAVIS DUDLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dudley v. Commissioner
Docket No. 10211-86.
United States Tax Court
T.C. Memo 1987-607; 1987 Tax Ct. Memo LEXIS 652; 54 T.C.M. (CCH) 1288; T.C.M. (RIA) 87607; December 14, 1987. Neville Dudley, pro se. Timothy S. Murphy, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $ 2,257 in petitioners' Federal income tax for 1981 and an addition to tax in the amount of $ 212.23 pursuant to section 6651 (a)(1). [1] The issues for determination are as follows: (1) Whether petitioners, both of whom were college professors, are entitled to a home office deduction under section 280A. (2) If so, whether petitioners' expenses for transportation between their home offices and the schools where they teach are nondeductible commuting expenses or deductible employee business expenses pursuant to section 162. (3) Whether petitioners are liable for an addition to tax pursuant to section *654 6651 (a)(1). FINDINGS OF FACT Petitioners Neville Bardsley Dudley and Gloria Mavis Dudley were legal residents of Birmingham, Michigan, at the time the petition in this case was filed. During 1981, Neville Bardsley Dudley (petitioner) was a full-time business professor at the downtown campus of the Wayne County Community College (the college). Ninety percent of the claimed business expenses were attributable to him. Gloria Mavis Dudley (Mrs. Dudley) was a part-time professor during 1981 and 10 percent of the claimed business expenses were attributable to her. Petitioner did not present any evidence relating to the activities of Mrs. Dudley. Respondent, however, concedes any office-in-the-home and related transportation expense deductions applicable to Mrs. Dudley if, and only if, the Court determines that petitioner is entitled to the deduction petitioner claims under section 280A. The college employed petitioner in a teaching capacity. During 1981, he taught five different subjects. IN any given semester, petitioner taught either management, supervision, labor relations, personnel, public administration, introduction to business, small business, small business financing, *655 or accounting courses. Each class met one day a week for 3 hours per day. His classes usually started around 11:30 a.m., excluding the night class he taught. In addition, petitioner's agreement with the college required him to maintain on-campus office hours for at least 5 hours each week for the purpose of conferring with students. This requirement was not enforced by the college and petitioner did not meet it. In addition to classroom instruction, petitioner's duties included writing various syllabi for his courses; evaluating textbooks and making choices for use in his courses; reading current periodicals, professional publications, and textbooks to stay abreast of new developments; preparing notes for classes; developing study guides; preparing, correcting, and grading examinations and homework assignments; and meeting and consulting with students. The college did not require petitioner to publish or to conduct research and writing as part of his employment. Typically, petitioner spent the morning hours from 8 a.m. to 11 a.m. reading and preparing for class. He left home for campus around 11 a.m. and returned around 4 or 5 p.m., excluding the day on which he instructed *656 a night class. Once at home, petitioner spent 2 hours in the evening reading, writing examinations, filing, and conversing on the telephone. Petitioner also did some work in his home office on Saturdays and Sundays. The college did not require petitioner, either by contract or as a condition of employment, to maintain an office in his home. He used a room in his home for work-related activities. The room is approximately 14 feet by 12 feet and houses a desk, shelves with books from the floor to the ceiling, a copier, a typewriter, and a telephone. He used his office for preparing his classroom lectures, grading and writing exams, reading, filing, and talking on the telephone with students. It was personally convenient for petitioner to prepare for his classes at home. Petitioner had a contract with the college which is labeled the Master Agreement. The contract provided as follows: A. FACILITIES 1. The Employer shall provide each full-time faculty member with the following equipment, provided the faculty member makes a formal written request of the appropriate Academic Administrator: a desk, chair, lockable file space, wastebasket, bookshelf space, and necessary office *657 supplies. Whenever possible such equipment shall be provided at the Regional Campus to which the faculty member is assigned. 2. The Employer shall provide a suitable lounge area for the use of College staff members at each full-time learning facility. 3. Within budgetary limitations, faculty members shall have access to resources available such as typewriters, calculators, computers, video tape equipment, data processing equipment, copying and duplicating machines provided such use is directly related to the performance of their faculty assignments. 4. The Employer shall provide adequate office facilities for conferences between students and faculty members at all day/evening learning facilities. Every effort shall be made to insure the highest degree of privacy possible. All such accommodations shall be subject to budgetary limitations. Prior to 1981, petitioner made requests, both oral and written, to the appropriate college official for private office space. In 1980, the college assigned the office space at the downtown campus on a first-come-first-serve basis. The college did not have the physical space to provide private office accommodations to everyone. Professors *658 at the downtown campus share certain office space, but petitioner never requested to share an office with another professor. The college provided petitioner with an on-campus room in which to perform his non-classroom duties. This room had 20 spaces and the college had approximately 100 full-time/part-time professors. The record does not show how many professors were at the college at any given time. Each space consisted of a writing shelf and locker space but no locked storage space. There was one telephone in the room designated for faculty use which could not be used for calls outside the school. Petitioner did not use this room for his non-classroom duties; he performed those duties at his home office. Some of his non-classroom duties could have been done at the library on campus. On their individual Federal income tax return for 1981, petitioners deducted $ 154 for an office-in-the-home expense and $ 7,895 for an employee business expense. The employee business expense consisted of the cost of their transportation between the location of their home office and their schools. In the notice of deficiency, respondent disallowed the $ 154 office-in-the-home deduction stating *659 that petitioner did not meet the requirements of section 280A and disallowed $ 7,295 of the claimed $ 7,895 employee business expenses stating that it was not established that any amount in excess of $ 600 was an ordinary and necessary business expense pursuant to section 162. OPINION Section 280A(a) provides that no deduction shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable years as his residence, but section 280A(c)(1) [2] carves out certain exceptions to this general rule of nondeductibility. Petitioner relies upon the exception in section 280A(c)(1)(A). That section provides that the general rule of nondeductibility shall not apply to "any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis as the principal place of business for any trade or business of the taxpayer." In the case of an employee, such as petitioner, the exception applies "only if the exclusive use * * * is for the convenience of his employer." *660 Petitioner contends that his office in his home should be treated as his principal place of business because the college did not provide suitable office space or make alternative arrangements for such accommodations, and his non-teaching duties performed at home constituted an important portion of his job activities. Respondent maintains that petitioner is not entitled to the claimed deductions because the home office was not his principal place of business and was not maintained for the convenience of his employer. For the reasons set forth below, we agree with respondent. A taxpayer may have only one principal place of business for each business in which he is engaged. Curphey v. Commissioner,73 T.C. 766, 775-776 (1980). To determine the principal place of business within the meaning of section 280A(c)(1)(A) the Court must ascertain the "focal point" of a taxpayer's business activities. Jackson v. Commissioner,76 T.C. 696, 700 (1981); Baie v. Commissioner,74 T.C. 105, 109 (1980). This Court has consistently held that the "focal point" of a professor's or instructor's activities is the college or school where he or she *661 teaches, [3] even though the teacher spends more time in the home office than in the classroom, [4] and even though the employer provides inadequate office space. [5] See Cousino v. Commissioner,T.C. Memo. 1981-19, affd. 679 F.2d 604 (6th Cir. 1982).
We conclude that the focal point of petitioner's business activities is where he taught. The fact that he used his home office to do other job-related activities does not shift the focal point of his activities from the college to his home office. Storzer v. Commissioner,T.C. Memo 1982-328. *662 Furthermore, petitioner failed to prove that his use of an office in his home was "for the convenience of his employer," as mandated by section 280A(c)(1). Petitioner's employer, the college, provided him with office space on campus, even though it may not have been wholly satisfactory to him, and petitioner's terms of employment with the college did not require him to maintain any off-campus office. In fact, the evidence does not show that petitioner needed a private office to accomplish his duties as a college professor. The college provided a teacher's lounge and a library on the campus at which petitioner taught. Much of the class preparation and reading done at petitioner could have been done at the college library. According to the Director of Instruction at the college, if petitioner wanted to meet with students on campus, arrangements could have been made to make space available. In fact, there is no evidence that petitioner met with students in his home office. Furthermore, some professors shared offices but petitioner never requested to share an office with an instructor. We understand why petitioner for his personal convenience would desire to do his work at home *663 rather than at the college. Indeed, we think the most reasonable evaluation of the evidence before us shows that petitioner's home office was maintained for his own convenience, not his employer's. Even acknowledging that petitioner has made it clear that the use of a home office in his situation was both appropriate and helpful in connection with his employment, Congress specifically intended to negate any such standard of allowability in enacting section 280A. S. Rept. No. 94-938, 1976-3 C.B. (Vol. 3) 49, 185-186; H. Rept. No. 94-658, 1976-3 C.B. (Vol. 2) 695, 852-853; Staff of Joint Comm. on Taxation, General Explanation of the Tax Reform Act of 1976, 1976-3 C.B. (Vol. 2) 1, 151-153. [6]
*664 Petitioner's reliance on Drucker v. Commissioner,715 F.2d 67 (2d Cir. 1983), revg. and remanding 79 T.C. 605 (1982); Weissman v. Commissioner,751 F.2d 512 (2d Cir. 1984), revg. and remanding T.C. Memo. 1983-724; and Meiers v. Commissioner,T.C. Memo. 1984-607, revd. per curiam 782 F.2d 75 (7th Cir. 1986), is misplaced. In Drucker, a professional musician, employed by the Metropolitan Opera in New York, claimed that his home practice studio was his principal place of business because practice was him most important business activity. He spent far more time working in his home practice studio than anywhere else. The Metropolitan Opera did not provide him with any practice facilities. The Court of Appeals for the Second Circuit held that, because practice was not only a requirement of employment bu a business necessity, the musician's principal place of business was his home practice studio rather than the place where he gave his performances, the Metropolitan Opera in Lincoln Center. The court, however, characterized the musician's situation to be "a rare situation in which an employee's *665 principal place of business is not that of his employer" (715 F.2d at 69). It held that in terms of both time and importance the home practice studio was the "focal point" of the musician's activities and "The place of performance was immaterial so long as the musicians were prepared" (715 F.2d at 69). The situation in Drucker is distinguishable from that of petitioner. In the case of petitioner, the classroom, not his home office, was the focal point of his trade or business in terms of importance. Petitioner did not need a home office for much of his class preparation and related activities. He could have done that work in the college library or in the facilities provided by the college. His reading of general background material did not require the privacy of an office. Accordingly, we find Drucker is not controlling on the facts of this case. In Weissman the taxpayer, a college professor, argued that his home office was the principal place of his business because research and writing were conducted there. Research and writing were required as a condition of maintaining his job and the taxpayer perceived this requirement to be more important *666 than teaching. The taxpayer spent the majority of his time in his home office engaging in research and writing and also preparing lectures. Because no suitable space was provided by the employer for conducting research, the taxpayer contended that the maintenance of the home office was for the convenience of the employer. The Tax Court held that the focal point of the taxpayer's activities was, nonetheless, the school where he taught and the requirement of research did not shift the focal point. The Second Circuit Court of Appeals reversed the Tax Court's decision. Holding that the case was indistinguishable from Drucker, the Second Circuit upheld the deduction because the taxpayer spent 80 percent of his time in his home office engaging in research and writing required by his employer. Because the on-campus office had to be shared with others and was unsafe, the court determined that it was unsuitable for conducting scholarly research. These factors made the taxpayer's home office a practical necessity. The court in Weissman stated that the fact that courses were taught at the school did not necessarily mean that the school was the principal place of business. The *667 court observed (751 F.2d at 514) that "many college professors spend most of their working hours teaching or engaging in teaching-related activities such as preparing for classes, meeting with students and grading examinations and papers." In the Weissman case, however, the court stated (751 F.2d at 515) that "the taxpayer is a college professor who spends the majority of his employment-related time -- 80 percent of it -- researching and writing." Because the school did not provide space that could be used for research and writing, the section 280A principal place of business requirements were met. The court concluded that the "convenience of the employer" test was met because the home office relieved the school from the responsibility of providing the taxpayer with a suitable office. [7]
We distinguish *668 petitioner's case from Weissman. Petitioner has not shown that research and writing were required in his case. The college did not require faculty members to conduct research or publish works, and petitioner did not spend his time in the home office doing research and writing. Petitioner's duties were limited to teaching, and he used his home office only for teaching related activities. The school, where he did his teaching, was his principal place of business. Finally, we distinguish Meiers v. Commissioner,782 F.2d 75 (7th Cir. 1986), revg. a Memorandum Opinion of this Court. In Meiers, the Seventh Circuit concluded that the "focal point" test was incorrect for determining in every case whether a home office qualifies as the taxpayer's place of business. In that case, the taxpayers owned a laundromat, which the wife managed. She spent one hour a day at the laundry, and 2 hours a day in the home office preforming related administrative duties. The Tax Court agreed with the Internal Revenue Service that the taxpayers were not entitled to a deduction for home office expenses, because the laundromat, and not their home office, was their principal place *669 of business. The Seventh Circuit concluded that the taxpayer's principal place of business in terms of hours worked and functions performed was the home office, and not the laundry. In drawing its conclusion, the court of appeals in Meiers agreed that the "focal point" test was easier to apply and less subjective than pre-section 280A standards, but stated that the approach was not fair to the taxpayers in that case. The court concluded that in determining the taxpayer's principal place of business, consideration should also be given to the length of time the taxpayer spends in the home office as opposed to the other location, the importance of business functions performed by the taxpayer in the home office, the business necessity of maintaining a home office, the business necessity of maintaining a home office, and the expenditures of the taxpayer in establishing the home office. In Meiers, taxpayer performed her most important functions as a manager in her home office. Petitioner has not shown that he meets these Meiers standards. Petitioner did not perform the most important element of his teaching job in his home office. The most important aspect of petitioner's *670 employment was his instruction of his classes. As we have discussed, petitioner has not shown that most, if not all, of his classroom preparation cold not have been done in the facilities provided by the college. Certainly, the privacy of a home office was not required for his reading of background material. There is no showing of any business necessity that petitioner perform his non-classroom activities at his home office rather than at the facilities available at the college. Further, there is no evidence that his use of a room in his home as his office caused him to incur any additional expense. In our view, although the use by petitioner of a part of his home was appropriate and helpful, he has failed to show that he comes within the exceptions to section 280A(a) set forth in section 280A(c). For this reason the expense of a home office is not deductible because of the provisions of section 280A(a). The legislative history of section 280A, which was set forth in both Baie v. Commissioner,74 T.C. 105, 108-110 (1980), and in Curphey v. Commissioner,73 T.C. 766, 770-771 (1980), makes it clear that section 280A was intended to prohibit *671 a deduction for the expense of a home office which was merely appropriate and helpful to a taxpayer in his trade or business. Such a deduction is allowable only where one of the exceptions to the provisions of section 280(a) contained in section 280A(c)(1) is met, and petitioner has not shown that his case falls within one of those exceptions. We therefore hold that petitioner is not entitled to a deduction for home office expenses in 1981. As to petitioner's claim for transportation expenses between his home office and the downtown college campus, respondent, in a paper filed with the Court entitled "Notice of Intent Not to File Reply Brief," states he "concedes, for purposes of this case only, that if the Court finds that petitioner's office in the home was his principal place of business, the petitioner is entitled to deduct as a business expense deduction, the amount of his costs of driving from his principal place of business to the campus where he taught and from the campus to his office in the home." Petitioner's claim for the deduction of the transportation expenses hinges entirely on his contention that his home office was his principal place of business. Because we have *672 found that petitioner's home office was not his principal place of business, we hold that the disputed transportation costs are nondeductible commuting expenses. See sec. 1.62-1(g), Income Tax Regs.'Commissioner v. Flowers,326 U.S. 465, 473-474 (1946); Hamblen v. Commissioner,78 T.C. 53, 54 (1982). As to the addition to tax, petitioners offered no explanation of their late filing of their 1981 return. It has been stipulated that petitioners filed their 1981 income tax return on February 7, 1983. Under section 6651(a)(1), [8] absent extensions or reasonable cause, the 1981 return was due to be filed on April 15, 1982. Because petitioners failed to present any evidence showing reasonable cause for the late filing of the 1981 return, we hold for respondent on this issue. *673 To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted. ↩
2. Sec. 280A(c)(1) limits deductions for office-in-home business expenses to the following specific situations: [A] portion of the dwelling unit which is exclusively used on a regular basis -- (A) as the principal place of business for any trade or business of the taxpayer, (B) as a place of business which is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business, or (C) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business. In the case of an employee, the preceding sentence shall apply only if the exclusive use referred to in the preceding sentence is for the convenience of his employer. ↩
3. See Wilhelm v. Commissioner,T.C. Memo. 1983-274; Moskovit v. Commissioner,T.C. Memo. 1982-472; Strasser v. Commissioner,T.C. Memo. 1981-523; Weightman v. Commissioner, T.C. Memos. 1981-301 and 1982-674; Chauls v. Commissioner,T.C. Memo. 1980-471↩. 4. Renner v. Commissioner,T.C. Memo. 1984-303; Moskovit v. Commissioner, supra; Storzer v. Commissioner,T.C. Memo. 1982-328; Chauls v. Commissioner, supra.↩
5. Renner v. Commissioner, supra.↩
6. Prior to the enactment of this section as part of the Tax Reform Act of 1976, Pub. L. No. 94-455, sec. 601, 90 Stat. 1569, courts sometimes allowed deductions for the business use of residences if such use was "appropriate and helpful" to the taxpayer's business. This construction of the law might permit an employee to take deductions for a home office even though his employer provided him with an adequate office at the employer's place of business. It also permitted business use deductions because of the performance of "appropriate and helpful" activities, "even though only minor incremental expenses were incurred in order to perform these activities." S. Rept. No. 94-938, 1976-3 C.B. (Vol. 3) 49, 185; H. Rept. No. 94-658, 1976-3 C.B. (Vol. 2) 695, 852; Staff of Joint Comm. on Taxation, General Explanation of the Tax Reform Act of 1976, 1976-3 C.B. (Vol. 2) 1, 151. In enacting se. 280A, Congress intended to provide clearer standards for deductions and to prevent the conversion of nondeductible personal, living, and family expenses into deductible business expenses. ↩
7. A dissenting opinion stated that the taxpayer was employed to teach and that the focal point of his activities was, therefore, the college. The dissent further distinguished Drucker by noting that no practice space was provided to the taxpayer in that case, whereas in Weissman↩ the taxpayer was provided with work space on the college campus. 8. SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) Addition to the Tax. -- In case of failure -- (1) to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; * * * ↩