860 F.2d 1078
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Neville Bardsley DUDLEY and Gloria Mavis Dudley,
Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 88-1326.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1988.
 
 Before ENGEL, Chief Judge, DAVID A. NELSON, Circuit Judge, and THOMAS A. BALLANTINE, Jr., District Judge*.
 PER CURIAM.
 
 
 1
 Petitioners Neville and Gloria Dudley appeal a Tax Court decision disallowing the deduction of (a) expenses allocable to the maintenance of an office in their home, and (b) transportation expenses incurred in travel between the "home office" and the college where they were employed. Petitioners were professors who devoted a room in their home exclusively to college work. The questions presented to the Tax Court were whether the Dudleys' home office was their "principal place of business," under 26 U.S.C. Sec. 280A, and, if so, whether it was maintained for the convenience of the employer. We are not persuaded that the Tax Court erred in finding that the office in petitioners' home was not their principal place of business, and we shall affirm the Tax Court's decision on that basis.
 
 
 2
 During 1981 Neville Dudley was a full-time business professor at Wayne County Community College. Gloria Dudley was a part-time professor. Mr. Dudley taught five subjects, one subject being taught for three hours each day of the week. The classes usually began around 11:30 a.m., and Mr. Dudley typically spent the hours from 8 to 11 each weekday morning reading and preparing for class. Except on the one day a week when he taught a night class, Mr. Dudley would leave for the campus at about 11 o'clock in the morning and return from the campus around 4 or 5 p.m. Mr. Dudley typically spent two hours each evening reading and writing examinations, filing, and talking to students on the telephone. He also worked at home on weekends. Although Mr. Dudley's contract with the college required him to maintain on-campus office hours for at least five hours each week, the college did not enforce this requirement, and Mr. Dudley did not meet it. Although Mr. Dudley requested office space, the only space the college provided was a room with 20 cubicles to be shared by more than 100 professors.
 
 
 3
 On their 1981 federal income tax return the Dudleys deducted $154 for expenses relating to the portion of their residence that was used as an office and $7,295 for the cost of transportation between that office and the college. The Commissioner disallowed both deductions and imposed a penalty of $212. The Tax Court sustained the deficiencies, and this appeal followed.
 
 
 4
 Congress enacted 26 U.S.C. Sec. 280A to prevent taxpayers from transforming nondeductible personal living expenses into deductible business expenses. See H.R.Rep. No. 94-658, 94th Cong., 1st Sess. 160 (1976); S.Rep. No. 94-938, 94th Cong., 2d Sess. 147 (1976). The statute provides that no deductions otherwise allowable shall be allowed with respect to the use of a taxpayer's residence unless, among other things, a portion of the residence is exclusively used on a regular basis as the "principal place of business for any trade or business of the taxpayer" or as a place "used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business." 26 U.S.C. Sec. 280A(C)(1). The statute further provides that if the taxpayer is an employee, a deduction is allowable only if the business use is "for the convenience of his employer." A taxpayer may have only one principal place of business for each business in which he is engaged. Curphey v. Commissioner, 73 T.C. 766, 775-76 (1980).
 
 
 5
 To determine the principal place of business within the meaning of Sec. 280A, the court must determine the "focal point" of a taxpayer's business activities, see, e.g., Jackson v. Commissioner, 76 T.C. 696, 700 (1981); Baie v. Commissioner, 74 T.C. 105, 109 (1980), or the "dominant" work location in terms of "time and importance." See Meiers v. Commissioner, 782 F.2d 75 (7th Cir.1986); Weissman v. Commissioner, 751 F.2d 512 (2d Cir.1984); Drucker v. Commissioner, 715 F.2d 67 (2d Cir.1983).
 
 
 6
 Although the Dudleys spent the larger part of their working hours at home, the Tax Court found that the college--the situs of their teaching--was the focal point of their employment. We agree, and we think the importance of the classroom was such that the college was the "dominant" work location in terms of time and importance. All of the work that the Dudleys did at home was ancillary to their teaching, and teaching was what the college employed them for. The Dudleys used their office for preparing classroom lectures, grading and writing exams, reading, filing, and talking to students on the telephone. They did not engage in research or scholarly writing, they did not meet with students in their home, and they did not "teach" there, in the conventional sense of that term. It was petitioners' teaching that was of paramount importance, and the teaching took place at the college.
 
 
 7
 Were we to limit ourselves to a mechanical comparison between work hours spent at home and work hours spent in the classroom, we would invite the conversion of personal nondeductible expenses into deductible expenses contrary to the intention of Congress. Surely Congress could not have intended that people in petitioners' position be allowed to deduct more than $7,000 a year for commuting to a classroom to which they would have had to commute in any event, whether or not they maintained an office in their home.
 
 
 8
 The Tax Court also found that the petitioners maintained a home office for their own convenience rather than for the convenience of their employer, but that is an issue we need not reach.
 
 
 9
 The decision of the Tax Court is AFFIRMED.
 
 
 
 *
 The Honorable Thomas A. Ballantine, Jr., United States District Court for the Western District of Kentucky, sitting by designation