886 F.2d 1316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl E. LANGLOIS; Penny W. Langlois, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 89-1092.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1989.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Taxpayers, Earl E. and Penny W. Langlois, appeal the decision of the United States Tax Court holding that they had failed to establish entitlement to depreciation deductions, business expense deductions, and child care credits claimed in their 1982 and 1983 federal income tax returns.
 
 
 3
 Challenging the Commissioner's assessment of various deficiencies, taxpayers sought a redetermination of their tax liability from the tax court. During 1982 and 1983, Earl Langlois was employed full-time as an attorney by the State of Michigan and Penny Langlois was employed as a nurse. On their 1982 and 1983 federal income tax returns, taxpayers: (1) reported losses resulting from Earl Langlois's law practice (business expense deductions); (2) reported losses from rental activity, including depreciation allowances, on rental property, known as the "carriage house" (depreciation deductions); and, (3) took child care credits for the care of their two minor children.
 
 
 4
 Following an audit, the Commissioner denied the claimed deductions and credits based upon a lack of substantiation. After taxpayers filed a timely petition with the tax court for redetermination of the Commissioner's deficiency assessment, a hearing was held, at which the only evidence presented was the testimony of Earl Langlois. Subsequently, the tax court issued an opinion denying the business expense and depreciation deductions and allowing the child care credits in an amount less than that claimed by taxpayers.
 
 
 5
 Taxpayers have filed a timely appeal, alleging that the tax court erred in disallowing the deductions for business expenses and depreciation and in not allowing the child care credits in the full amount claimed. Upon review, we affirm.
 
 
 6
 The tax court properly denied the claimed business expense deductions for Earl Langlois's home office because taxpayers have failed to substantiate them. Home office deductions are generally disallowed unless the home office is used as a principal place of business or is used as a place for patients, clients, or customers to meet with the taxpayer. See Meiers v. Commissioner, 782 F.2d 75, 76-77 (7th Cir.1986) (per curiam). On review, we conclude that taxpayers have not presented evidence to establish either that Earl Langlois used the office as a principal place of business or that he met with clients there. Earl Langlois testified that despite his status as a full-time attorney for the State of Michigan, he pursued a legal practice on evenings and weekends. Nevertheless, he only reported gross income from "legal services" of $250 and $110 for 1982 and 1983, respectively; he provided no financial substantiation for the claimed deductions; and, on cross-examination, he could not recall even a single, specific legal service which he performed in 1982 and 1983.
 
 
 7
 The tax court also properly found that taxpayers failed to substantiate their entitlement to a depreciation deduction for the "carriage house". On review, we conclude that taxpayers have not shown that they are entitled to the deduction because they have neither established a profit motive for the rental of the "carriage house" nor have they provided sufficient proof from which their basis in the "carriage house" could be established or even estimated.
 
 
 8
 Taxpayers would be entitled to a depreciation deduction for the "carriage house" only if the rental of the property constitutes an activity engaged in for profit. Campbell v. Commissioner, 868 F.2d 833, 836 (6th Cir.1989). However, the record before us establishes that taxpayers received only a minimal amount of rental income from the "carriage house" and expended little, if any, effort in attempting to rent it.
 
 
 9
 Further, in challenging the IRS depreciation deduction the taxpayers would have to establish the reasonableness of their claimed deduction by offering adequate proof establishing their basis in the property, its useful life, its salvage value, the extent to which it was previously depreciated, and the method and computation of the depreciation. Campbell v. Commissioner, 504 F.2d 1158, 1168 (6th Cir.1974). However, taxpayers have offered no evidence to demonstrate how they calculated their basis in the "carriage house" to be $20,000.
 
 
 10
 Finally, the tax court properly reduced the taxpayers claimed child care credits. Taxpayers sought child care credits for in-kind payments, i.e., room and board, to their 20-year old daughter, Wendy Ann, who cared for their two minor children while they worked. The tax court, relying on the rule enunciated in Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir.1930), found that taxpayers had established that they had expended something for child care expenses but had not explicitly substantiated the amount, and so allowed child care credits in an amount less than that claimed by taxpayers. Given the nature of the transactions at issue here, in-kind payments to a daughter residing in the parental home, we conclude that the tax court did not err in invoking the Cohan rule, since these transactions do not lend themselves to the sort of recordkeeping necessary for substantiation. Lerch v. Commissioner, 877 F.2d 624, 628, (7th Cir.1989).
 
 
 11
 Accordingly, the tax court's decision is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.