THOMAS C. CADWALLADER AND JUDY C. DOUGLAS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cadwallader v. Commissioner
Docket No. 32130-87
United States Tax Court
T.C. Memo 1989-356; 1989 Tax Ct. Memo LEXIS 355; 57 T.C.M. (CCH) 1030; T.C.M. (RIA) 89356; July 24, 1989
Thomas C. Cadwallader, pro se. David R. Reed, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined deficiencies in petitioners' Federal income taxes as follows: Year
Deficiency
[1] Sec. 6651(a)(1) 1982
$ 315  $ 78.75
1983
345    1984
1,626  *357 After concessions, the issues are (1) whether section 280A allows petitioner Cadwallader to take a deduction in 1982 and both petitioners to take deductions in 1983 and 1984 with respect to Cadwallader's home office; and (2) whether section 280F prevents petitioners from deducting under section 179 the cost of computer equipment they purchased in 1984. FINDINGS OF FACT Some of the facts are stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners are husband and wife. At the time the petition was filed, they were residents of Champaign, Illinois. During the years at issue, Cadwallader was a tenured psychology professor at Indiana State University (the university) in Terre Haute, Indiana, where he teaches psychology classes each semester. During the years in issue, the university class schedules showed petitioner as teaching an average of 13 hours per semester. Some of these classes were taught by both *358 petitioner and another faculty member. A tenured professor such as Cadwallader is expected to conduct research as a part of his job. Cadwallader conducts his research in the history of psychology. As a result of this research, Cadwallader has accumulated over the years an extensive amount of historical reference materials. Most of these materials are not available in the university library. Cadwallader could not conduct his research if he did not have access to his reference materials. The university provides Cadwallader with three different private rooms on campus with a total square footage of approximately 330 square feet. One room is Cadwallader's office and contains a desk, telephone, typewriter, and some of his reference materials. He meets students, maintains his professor-student relationships, and does much of his classroom preparation in this campus office. The other campus rooms also contain his reference materials. These materials are so extensive that Cadwallader cannot house all of them in the three rooms assigned to him by the university. Consequently, he stores much of them at his home, using his study and parts of the living and dining rooms. He does much *359 or all of his research at home. Cadwallader has written a number of articles in his field of specialty. In September 1984, petitioners purchased a personal computer. Cadwallader uses the computer for storing information and for word processing in his academic research. He has given seminars on computer use. During the years in issue he did not have access to a computer at the university. Douglas used the computer in connection with her job at the West Central Indiana Economic Development District, where she was promoted to chief transportation planner in the spring of 1984. Her employer did not have a computer of its own and did not explicitly require her to purchase the computer as a condition of her employment. OPINION After concessions, the issues are (1) whether section 280A allows petitioner Cadwallader to take a deduction in 1982 and both petitioners to take deductions in 1983 and 1984 with respect to Cadwallader's home office, and (2) whether section 280F prevents petitioners from deducting under section 179 the cost of the computer equipment they purchased in 1984. Petitioner bear the burden of proof on both issues. Rule 142(a). The first issue involves the *360 home office. Section 280A(a) provides that no deduction is allowed to a taxpayer with respect to a dwelling unit that he also uses as a residence. Section 280A(c)(1), however, establishes certain exceptions to this general rule of nondeductibility. Petitioner relies upon the exception in section 280A(c) (1)(A), which provides that the general rule of nondeductibility shall not apply to "any item to the extent such item is allocable to a portion of the dwelling unit which is exclusively used on a regular basis as the principal place of business for any trade or business of the taxpayer. * * * In the case of an employee, the * * * exclusive use * * * [must be] for the convenience of his employer." The legislative history and the section 280A income tax regulations offer little guidance as to the scope of the "principal place of business" concept. See Baie v. Commissioner , 74 T.C. 105, 109 (1980). It is established, however, that a taxpayer can have only one principal place of business for each business in which he is engaged. Curphey v. Commissioner, 73 T.C. 766 (1980). "We therefore take it that what Congress had in mind was the focal point *361 of a taxpayer's activities." Baie v. Commissioner, supra at 109. See also Jackson v. Commissioner, 76 T.C. 696, 700 (1981). This "focal point" is the location which is most essential to carrying on the taxpayer's business. Williams v. Commissioner, T.C. Memo. 1987-308; Cristo v. Commissioner, T.C. Memo. 1982-514; Eastman v. Commissioner, T.C. Memo. 1989-288. This Court consistently has held that the focal point of a college professor's activities is the campus, campus office, or classroom rather than the home office. See Renner v. Commissioner, T.C. Memo. 1984-303; Bilenas v. Commissioner, T.C. Memo. 1983-661; Harris v. Commissioner, T.C. Memo. 1983-494; Moskovit v. Commissioner, T.C. Memo. 1982-472, affd. by unreported decision (10th Cir., October 19, 1983). This applies to teachers whose job responsibilities do not extend to research. Wilhelm v. Commissioner , T.C. Memo. 1983-274. It also applies to professors who are expected to do research and who spend more time at their home office than on campus. See *362 Storzer v. Commissioner, T.C. Memo. 1982-328; Moskovit v. Commissioner, supra.In addition, it applies even if the employer provides inadequate office space. See Storzer v. Commissioner, supra; Weightman v. Commissioner, T.C. Memo. 1981-301. If we were to follow these cases, petitioners' home office deduction must be disallowed. However, we have been reversed on three occasions by Courts of Appeals which have criticized the focal point test on which the above cases are based. Meiers v. Commissioner, 782 F.2d 75 (7th Cir. 1986), revg. a Memorandum Opinion of this Court; Weissman v. Commissioner, 751 F.2d 512 (2d Cir. 1984), revg. and remanding a Memorandum Opinion of this Court; Drucker v. Commissioner, 715 F.2d 67 (2d Cir. 1983), revg. and remanding 79 T.C. 605 (1982). Petitioners rely heavily upon these three cases. Drucker v. Commissioner, supra, involved musicians who were employed by the Metropolitan Opera Association, but who practiced at home. The musicians spent less than half of their working time at the Met's *363 headquarters at Lincoln Center. "The place of performance was immaterial so long as the musicians were prepared, and most of the preparation occurred at home. The home practice areas were appellant's principal places of business within the meaning of section 280A." Drucker v. Commissioner, 715 F.2d at 69. In Weissman v. Commissioner, supra, a professor's home office was held to be his principal place of business. The professor spent 80 percent of his working hours at his home office because his campus office was inadequate. The court allowed the deduction, in part because the dominant portion of the professor's work was performed at home. In Meiers v. Commissioner, 782 F.2d at 75, self-employed individuals "made a legitimate business decision not to create office space at * * * [their] laundromat." A "major consideration" in the Court's allowance of the home office deduction was the amount of time spent in the home office. Other factors that "may from time to time weigh in the balance, such as the importance of the business functions performed * * * in the home office; the business necessity of maintaining a home office; *364 and the expenditures of the taxpayer to establish a home office." Meiers v. Commissioner, supra at 79. All three of these cases shift emphasis from the focal point of the taxpayer's work, or the place where the taxpayer's work is most visible, to the place where the taxpayer accomplishes the dominant portion of his work. Petitioners, however, have not demonstrated that the dominant portion of Cadwallader's work was performed at the home office. Petitioners called Donald A. Nelson, the chairperson of the psychology department at the university, who testified about Cadwallader's three offices on campus. Nelson also testified that the university library lacks the materials needed by Cadwallader for his research. According to Nelson, Cadwallader could not write his scholarly papers without the reference materials he had accumulated over the years. Douglas testified that Cadwallader had extensive reference materials in his home office. Cadwallader testified that his research extensively draws on his reference materials, and that his campus offices do not have adequate space to store those materials. He also testified that the materials at his home filled "a complete *365 room called my study. It has overflowed into our living room. It has overflowed into our dining room." Petitioners have not shown that Cadwallader spends more than half of his time at his home office. Each "home office" case must stand on its own facts. The three Courts of Appeals decisions relied on by petitioner found that the dominant portion of the taxpayers' work was done at the home office. After a review of the evidence before us in this case, we conclude that the dominant portion of Cadwallader's work took place on the campus where he taught classes, conducted his student related activities, and maintained substantial research materials. Thus, under either the focal point test or the dominant portion test, Cadwallader's home office does not qualify as his principal place of business within the meaning of section 280A(c)(1)(A). Accordingly, petitioners are not allowed a home office deduction. The second issue facing us involves the computer equipment. Section 280F(d)(4)(A)(iv) provides that "any computer or peripheral equipment" is "listed property." "Employee use of listed property shall not be treated as use in a trade or business for purposes" of expensing under *366 section 179 unless "such use is for the convenience of the employer and required as a condition of employment." Section 280F(d)(3)(A); sec. 1.280F-6T(a)(1), Temp. Income Tax Regs., 49 Fed. Reg. 42713 (Oct. 24, 1984). In order for the "condition of employment" requirement to be satisfied, petitioners' employers need not explicitly require them to use a computer. Sec. 1.280F-6T(a)(2)(ii) and (a)(4) Ex. (2), Temp. Income Tax Regs. Instead, it is only necessary that petitioners' use of the computer be required in order for them to properly perform the duties of their employment. Sec. 1.280F-6T(a)(2)(ii), Temp. Income Tax Regs. We conclude that this requirement is satisfied. Cadwallader's duties of employment included historical research that involved massive amounts of data and writing. This research was substantially aided by a computer. Under the instant facts, the computer was required in order for Cadwallader to properly perform the duties of his employment. Similarly, Douglas testified that her office was required to do planning which involved extensive number crunching. Much of this work previously had been done on a mainframe computer owned by the state, but *367 the state eliminated access to this computer. The previous chief transportation planner had purchased a personal computer in order to be able to do his work. Her office lacked the funds to purchase a computer of its own. Thus, the computer was required in order for Douglas to properly perform the duties of her employment. We also conclude that the "convenience of employer" requirement is satisfied. Here the computer purchase spared petitioners' employers the cost of providing them with suitable computer equipment with which to engage in their job responsibilities. See Weissman v. Commissioner, 751 F.2d at 517. Thus, section 280F does not prevent petitioners from deducting the cost of their computer equipment under section 179. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩