Thomas C. CADWALLADER and Judy C. Douglas, Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

No. 89–3429.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 15, 1990.

Decided Dec. 11, 1990.

Thomas C. Cadwallader, Champaign, Ill., pro se.

Judy C. Douglas, Champaign, Ill., pro se.

Peter K. Scott, I.R.S., Gary R. Allen, Gilbert A. Rothenberg, Rosemary Schrauth, Dept. of Justice, Tax Div., Appellate Section, Charles S. Casazza, U.S. Tax Court, Washington, D.C., for respondent-appellee.

Before CUMMINGS and POSNER, Circuit Judges, and PELL, Senior Circuit Judge.

POSNER, Circuit Judge.

The question presented by this appeal from a decision by the Tax Court is whether Thomas Cadwallader, a professor of psychology at Indiana State University, is entitled to a deduction from income tax for the expense of maintaining an office in his home. Cadwallader has the exclusive use of two offices in the psychology department, one 11 feet by 13 feet and the other 12 by 12, plus a 4 by 7 storage room. But he does most of his research and writing in his home office. The statute, so far as relevant here, allows an employee to take a home office deduction only if the office is exclusively used on a regular basis for the convenience of his employer as the employee's principal place of business. 26 U.S.C. § 280A(c)(1)(A). The Tax Court denied the deduction on the ground that the "focal point" of Cadwallader's work for the university was the campus, where he teaches thirteen hours a week, meets with students, attends faculty meetings, and keeps substantial research materials. 57 T.C.M. 1030 (1989).

We owe no deference to the Tax Court's legal theories, our relation to the Tax Court being the same as our relation to the district courts. *Prussner v. United States*, 896 F.2d 218, 224 (7th Cir.1990) (en banc). And, like the Second Circuit in *Weissman v. Commissioner*, 751 F.2d 512 (2d Cir.1984), we have rejected the "focal point" test. *Meiers v. Commissioner*, 782 F.2d 75, 79 (7th Cir.1986) (per curiam). The facts of *Weissman* show why. Weissman, a professor like Cadwallader, had a campus office, but he shared it with other professors and as a result did all his research and writing at home—in fact he spent eighty percent of his working time at home. The Tax Court thought, nevertheless, that the campus was the focus of his activities. Maybe so—"focus" is a vague word in this setting—but, reversing the Tax Court, the Second Circuit held that the home office was Weissman's principal place of business.

After the decision in the present case, the Tax Court abandoned the focal point test, at least for cases where the employer provides no office for the employee. *Soliman v. Commissioner*, 94 T.C. 20 (1990). Soliman was an anesthesiologist whose medical practice required that he spend thirty percent of his time working in an office and the rest in hospitals, none of which provided him with office space. The Tax Court held that he was entitled to a home office deduction. Although the focus of an anesthesiologist's activity is the hospital operating room where he administers anesthesia, the home office was Dr. Soliman's only office, and his work required that he have an office.

We should think about the purpose of the home office deduction and why it is so limited—for it must be either the taxpayer's principal place of business, or a place

where he meets or deals with customers, clients, or patients, or a separate structure used in connection with the business; it must be used exclusively and on a regular basis for these things; and it must be for the exclusive convenience of the employer, if as here the taxpayer is an employee rather than an independent contractor. 26 U.S.C. § 280A. Expenses incurred solely to produce income should in principle be deductible from income tax because otherwise the taxpayer would be taxed on his gross revenue, not on his income. The difficulty is that often expenses have a dual purpose—they produce income but they are also a form of consumption, producing not income but utility. *Moss v. Commissioner*, 758 F.2d 211, 212 (7th Cir. 1985). The specific abuse to which the home office deduction conduced, before the deduction was narrowed in the current law, was that an employee could by transferring some of his work from the place of his employment to his home deduct from income tax a portion of his living expenses— expenses he would have incurred even if he had not been working at all. H.R.Rep. No. 658, 94th Cong., 2d Sess. 160 (1976); S.Rep. No. 938, 94th Cong., 2d Sess. 147 (1976) U.S.Code Cong. & Admin.News 1976, pp. 2897, 3053. For under the former law, although "personal, living or family expenses" were disallowed as a deduction, "all the ordinary and necessary expenses paid or incurred ... in carrying on any trade or business" were allowed, 26 U.S.C. §§ 162(a), 262, and in harmonizing these provisions the Tax Court, with some judicial backing, had allowed home office expenses to be deducted provided they were "appropriate and helpful." *Newi v. Commissioner*, 28 T.C.M. 686, 691 (1969), aff'd, 432 F.2d 998 (2d Cir.1970); *Bodzin v. Commissioner*, 60 T.C. 820, 826 (1973), rev'd, 509 F.2d 679 (4th Cir.1975). With so fuzzy a standard, taxpayers could claim the deduction on the flimsiest of grounds with no fear of a fraud penalty, and thus could pocket a tax savings except in the unlikely event of an audit.

▮ The current statute guards against abuse in a variety of ways. The home office must be for the convenience of the employer; that is, it can't just be a place in which the employee chooses to do some of his work. It must be used exclusively for the employer's work, implying that it has no personal, no household, use. And unless it is distinctively furnished and equipped as an office—which is the implication of its being used for meetings with clients, customers, or patients—or, clearer still, it is a separate structure, the taxpayer must show that it is his *principal* place of business, not just a cosy den in which he grades exam papers in the evening. If the conditions in the statute are satisfied, then even if the home office is not a separate structure there is a reasonable probability that the taxpayer's house is actually larger than it would be if he did not imperatively require a home office. For the home office that satisfies the statutory conditions is one that not only is vital to the taxpayer's business or employment but also has no use but office use. In such a case the added expense of the office is incurred solely to produce income; it yields no, or at least very little, personal utility.

▮ With the purpose behind the home office deduction and its limitations in mind, we can examine the application of the statutory term "principal place of business" to the facts of this case unencumbered by the vagaries of the focal point test or the "all relevant factors" laundry list that is its principal competitor. *Soliman v. Commissioner, supra,* 94 T.C. at 26–28. Research and writing are the principal work of most university (as distinct from college) professors, including Professor Cadwallader. If, therefore, the university failed to supply him with adequate office facilities, this would imply that it expected him to equip his home with a suitable office. If he did so, and used the home office exclusively and on a regular basis for his scholarly research and writing, then he would be entitled to the home office deduction. But if he is given adequate facilities on the campus to conduct the major part of his scholarly research and writing there, the fact that he chooses to work at home instead does not entitle him to a deduction.

It is then not the convenience of the employer but the professor's own convenience, and perhaps his tax planning, that induces him to maintain a home office. The Tax Court found that the two and a half offices which the university furnishes Cadwallader are adequate, so he has no imperative need for a home office. Those findings, which are not clearly erroneous and therefore bind us, *Gunther v. Commissioner*, 909 F.2d 291, 294 (7th Cir.1990), compel us to affirm the denial of the deduction.

AFFIRMED.