ROBERT L. BRYANT AND ELLEN H. BRYANT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bryant v. Commissioner
Docket No. 26291-92
United States Tax Court
T.C. Memo 1993-597; 1993 Tax Ct. Memo LEXIS 616; 66 T.C.M. (CCH) 1594; December 16, 1993, Filed *616 For petitioners: Irwin Jay Katz, Pamela Badami, Edward Brooks, and Gayle Juguilon (specially recognized). For respondent: Douglas A. Fendrick. GUSSIS
GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioners' Federal income tax for 1990 in the amount of $ 1,129.34. Petitioners concede a Schedule A adjustment of $ 187. The issue remaining for decision is whether petitioners are entitled to expense the cost of a computer pursuant to section 179. Some of the facts have been stipulated and they are so found. The stipulation of facts and accompanying exhibits are incorporated herein by this reference. At the time the petition was filed petitioners resided in Wilmington, Delaware. Robert and Ellen Bryant filed a joint Federal tax return for 1990. In 1990, Ellen Bryant (hereafter petitioner-wife) was employed as a third grade teacher in the lower school of the Tower Hill *617 School. During the 1989-1990 school year Tower Hill decided to switch from written report cards and evaluations to a computerized format. Beginning in January 1991, lower school teachers had to prepare student report cards and evaluations on a disk compatible with Macintosh computers. From January, 1990, through August, 1990, there were eight Macintosh computers at Tower Hill available for faculty and student use. From September, 1990, through December, 1990, there were 15 Macintosh computers available for faculty and student use. In February of 1990, petitioners purchased a $ 3,233 Macintosh computer for the use of petitioner wife. Petitioners received an interest-free loan from Tower Hill to purchase the computer. On their 1990 Federal income tax return, petitioners expensed the cost of the Macintosh computer pursuant to section 179. Section 179 allows a taxpayer to elect to expense in the year placed in service the cost of section 179 property acquired for use in the active conduct of a trade or business. Sec. 179(a). Section 280F(d), however, provides that an employee may not claim a section 179 deduction for listed property unless the employee's use of the listed property *618 is for the convenience of the employer and required as a condition of employment. Listed property includes any computer or peripheral equipment. Sec. 280F(d)(4)(A)(iv). Respondent determined that the computer purchased by petitioner wife was not acquired for the convenience of Tower Hill and was not required as a condition of her employment, and consequently disallowed the claimed section 179 deduction. Petitioners bear the burden of proving respondent's determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). The terms "convenience of the employer" and "condition of employment" generally have the same meaning for purposes of section 280F as they have for purposes of section 119. Sec. 1.280F-6T(a)(2), Temporary Income Tax Regs., 49 Fed. Reg. 42701, 42713 (Oct. 24, 1984). The "convenience of employer" and "condition of employment" tests are essentially the same. United States Junior Chamber of Commerce v. United States, 167 Ct.Cl. 392, 334 F.2d 660, 663 (1964). In order to satisfy the condition of employment requirement, the use of the property must *619 be required in order for the employee to perform the duties of his or her employment properly. Sec. 1.280F-6T(a)(2)(ii), Temporary Income Tax Regs., supra at 42713. Whether the use of property is so required depends on all the facts and circumstances. The standard is an objective one. Dole v. Commissioner, 43 T.C. 697, 706 (1965), affd. 351 F.2d 308 (1st Cir. 1965). The employer need not explicitly require the employee to use the property. Similarly, a mere statement by the employer that the use of the property is a condition of employment is not sufficient. Sec. 1.280F-6T(a)(2)(ii), Temporary Income Tax Regs., supra at 42713. We find, based upon the facts and circumstances presented, that petitioner wife was not required to purchase a Macintosh computer for the convenience of her employer and as a condition of employment. To show that her personal computer was required as a condition of her employment, petitioner wife argues that due to the insufficient number of computers available at Tower Hill for lower school faculty to use in preparing their reports, and the confidentiality and security problems which *620 existed at the school, it was necessary for her to purchase a Macintosh computer in order to properly perform the duties of her employment. Petitioner wife argues that without her own computer she would be unable to timely prepare her reports and evaluations. She therefore contends the computer was required as a condition of employment. Petitioner wife relies on the testimony of 3 other lower school teachers, Ms. Edinger, Ms. Vayo-Greenbaum and Mrs. Hyman. Each testified as to the difficulty of finding a school computer to use during school hours. They also expressed reservations about using the computers in the upper school computer lab because of concerns that a student's grades and evaluations might be seen by another student. In addition, each testified that it was unsafe to stay at the school after school hours in order to use the school computers. Petitioner wife testified that the school is located across from an area of drug activity and that within the past year an unauthorized individual was found on the school premises. Carol Sandy Wang, head of the lower school, also testified that while the school did not require teachers to purchase a computer they were encouraged *621 to do so. We are, however, unpersuaded that petitioner wife's purchase of the computer was required as a condition of her employment. Although a computer was needed for petitioner wife to file her reports and evaluations, the school had computers which could be used for this purpose. Furthermore, we note that during 1990, there were several lower school teachers who did not own personal computers and, nonetheless, they were able to file timely reports and evaluations. Mrs. Hyman, one of the lower school teachers who acquired a personal computer in 1990, testified that she allowed her daughter, who was in college, to use her personal computer from mid-December, 1990, through September, 1992, and that during this period of time she used the school's computers and was able to complete and file her required student evaluations on time. In short, it is amply clear on this record that a personal computer was not required for the proper performance by lower school teachers of their employment duties. Although it may have been more convenient for petitioner wife to use her own personal computer, we must, as the statute requires, focus on the convenience of the employer and not the convenience *622 of the employee. Moreover, the record shows that, beginning in 1990, the school continually purchased additional Macintosh computers available for faculty and student use. Consequently, it is evident that the "convenience of employer" requirement is not satisfied since petitioner wife's purchase of a personal Macintosh computer early in 1990 did not spare her employer the cost of providing her with suitable equipment with which to engage in her job responsibilities. Petitioner wife's reliance on the case of Cadwallader v. Commissioner, 919 F.2d 1273 (7th Cir. 1990), affg. on another issue T.C. Memo. 1989-356, is misplaced. In Cadwallader, both taxpayers made extensive use of a personal computer in furtherance of their professional duties. This Court found that, in view of the nature and scope of the required work load of taxpayers (historical research that involved massive amounts of data and writing by the taxpayer-husband and extensive statistical work by taxpayer-wife in her job as transportation planner), the use of their personal computer was required to enable them to properly perform their respective duties *623 of employment. This Court also found that the "convenience of employer" requirement was met because the taxpayers' purchase of a computer spared their employers the cost of providing them with a computer. We are unable to make such findings in the case before us. In short, the facts of the Cadwallader case are readily distinguishable. We have carefully considered the record and, based upon the facts and circumstances presented, we find that petitioners have failed to prove that the purchase of a personal computer was required as a condition of petitioner wife's employment and for the convenience of her employer. In view of our findings, we need not address respondent's alternative arguments. We hold that petitioners are not entitled to a deduction in 1990 under section 179 for the cost of the computer acquired in that year. Respondent is sustained. Decision will be entered for respondent.